J. D. Hardcastle v. The Pullman Company, Appellant.—10 S. W. (2d) 933.

Division One, October 3, 1928.

1240

*Lehmann & Lehmann* for appellant.

*Koerner, Fahey & Young* for respondent.

ATWOOD, P. J.—This is one of two separate appeals taken from an order granting plaintiff a new trial in the case of J. D. Hardcastle v. St. Louis-San Francisco Railway Company and the Pullman Company.

The action was to recover damages for personal injuries alleged to have been sustained by plaintiff in alighting from a Pullman coach attached to a train of the St. Louis-San Francisco Railway Company. Plaintiff was alleged to have taken passage with defendants at St. Louis, Missouri, for Tulsa, Oklahoma, on or about January 1, 1924. It was further alleged that the train and coach on which plaintiff had taken passage arrived at defendant railway company's depot in Tulsa the next day; that defendants' agents and servants in charge of said train and coach opened the doors, placed a stepping box at the exit of said coach and invited the passengers, including plaintiff, to alight therefrom; "that as plaintiff in alighting stepped upon said stepping box said stepping box moved, thereby causing plaintiff to fall, and in falling was injured." The grounds of negligence alleged were (1) "that defendants, their agents, servants and employees allowed and permitted ice to accumulate on their station platform and in the immediate vicinity of the place where plaintiff undertook to alight and, further, permitted said ice to remain at said place and be present on said platform at the time passengers were allowed to alight from said train;" (2) that they "failed to properly and sufficiently light the platform and steps of said train so that passengers, and more particularly this plaintiff, would be able to see and be advised as to the condition and situation and place where passengers were invited to alight from said coach;" (3) that they "failed to warn plaintiff that there was present upon said platform and at the point where said stepping box was placed ice, which made the exit from said train and coach dangerous and unsafe;" (4) that they "failed to provide a stepping box which would rest and remain stationary while passengers stepped upon same in alighting from said train and coach;" (5) that they "failed to provide a stepping box which had on the under surface of same devices, or fittings, which would prevent the slipping or moving of said stepping box when passengers stepped upon same in alighting from said coach;" and (6) that "when they knew, or by the exercise of a high degree of care could have known, that plaintiff carrying baggage in each hand was attempting to alight from said coach, failed to warn plaintiff of the danger incident to alighting from said coach under the circumstances and conditions above mentioned,

and permitted said plaintiff to attempt to alight from said coach under said circumstances and conditions." Defendants' answers were separate general denials.

On the evidence submitted by all parties and under the instructions given the jury returned a verdict for defendants. Plaintiff's motion for a new trial was sustained "as against defendant, the Pullman Company, on the twelfth ground thereof, to-wit, that the court had erred in giving instruction numbered 9 at the instance and request of said defendant." Instruction numbered 9 is as follows:

"The court instructs the jury that it was the duty of plaintiff to exercise ordinary care, as defined in these instructions, for his own safety while alighting from the train in question, and if you find and believe from the evidence that by the exercise of ordinary care plaintiff could have discovered ice on the station platform mentioned in evidence at any time before he fell, if you find he did fall, and further find and believe that he failed to exercise such ordinary care, then he cannot recover against defendants St. Louis-San Francisco Railway Company and Pullman Company, and your verdict should be for said defendants."

By Instructions 1, 2, 3 and 6 the trial court withdrew from the jury's consideration, as far as this appellant was concerned, plaintiff's first, second, fourth and fifth grounds of negligence respectively, and submitted only plaintiff's third and sixth grounds pertaining to defendants' failure to warn.

Appellant's counsel first contend that it is unnecessary to consider whether or not instruction numbered 9 is erroneous because the peremptory instruction in the nature of a demurrer to the evidence, which was asked by the Pullman Company, should have been given. On a single reading of Point One of their brief this contention apparently rests on the view that appellant owed plaintiff no duty in any event to warn him of the presence of ice under the circumstances pleaded, for in that part of the brief it is said that appellant "was under no duty to warn plaintiff of sleet on the station platform." However, in dealing with this point in their printed argument counsel plainly concede that appellant may be held responsible for the exercise of ordinary care to warn plaintiff of danger incident to the presence of ice as alleged in the petition, unless in the exercise of ordinary care on his own part plaintiff could have otherwise discovered the existence of this condition. Without at this time ruling on appellant's additional suggestion that the term "ordinary care" properly defines the measure of appellant's responsibility in this case, which it is not necessary for us to do in our determination of the point now under consideration, we proceed to the evident gist of their argument which is, that appellant was under no duty to

warn plaintiff of the presence of ice on "said platform and at the point where said stepping box was placed," as alleged in the third ground of negligence pleaded in plaintiff's petition, if in the exercise of ordinary care on his own part plaintiff could have otherwise discovered that fact before attempting to alight from appellant's car.

There is substantial evidence in the record tending to show that the train reached the depot platform at Tulsa at seven o'clock in the morning, or shortly thereafter, of January 2, 1924; that appellant's car in which plaintiff was riding stopped with its exit nearly opposite or a little west of the west wall of the baggage room which was east of the main portion of the depot building; that the platform between the car exit and the baggage room was not covered and was paved with red brick; that shortly after the train stopped and as plaintiff started to leave, the car was partially lighted and two single incandescent lights were burning over the entrance to the baggage room forty or fifty feet away; that when plaintiff reached the vestibule it was still so dark and gloomy that he could not detect the presence of ice, although in fact the entire city of Tulsa was then covered with a coating of ice from an eighth to possibly a half inch in thickness which had been caused by a mist or rain that froze as it fell through the night; that no sleet was on the ground and there was no evidence that any sound or other sign of falling sleet or freezing rain or mist had been observed by plaintiff or others on the train, except that some forty minutes before the train reached Tulsa during its stop at Claremore appellant's conductor had stepped off onto the ground and observed that it was icy and slippery, and on approaching Tulsa he had specifically instructed appellant's porter in charge of the car on which plaintiff was riding to warn the passengers and watch them as they left the car at Tulsa; that some one of appellant's agents, servants and employees placed one of appellant's stepping boxes on the icy platform at Tulsa opposite and beneath appellant's car from which plaintiff was about to alight; that there was ice at the point where this stepping box was placed; that plaintiff started down the steps of the car with some of his baggage in each hand, placed his right foot and weight on the stepping box, which slipped about six inches after his left foot left the car step and before it reached the platform; that by reason of the slipping of the box he fell and seriously injured his left foot and ankle; that the only warning received by him from any one, and the first knowledge he had of the slippery condition of the platform, was a cry from the passenger who stepped from the car to the platform immediately ahead of him, and this warning did not reach him until he had left

the last step of the car and was on the stepping box, which was too late to avoid the injury.

When appellant's above contention, that its peremptory instruction should have been sustained, is considered in the light of counsel's subsequent argument and the record before us it clearly amounts to an insistence that the evidence shows that plaintiff was guilty of contributory negligence which bars his recovery in that if he had been in the exercise of ordinary care in his own behalf he would have discovered the conditions complained of without any warning from this defendant. Even though, as in this case, contributory negligence is not specially pleaded as a defense, yet if plaintiff's own evidence discloses that his negligence contributed with that of defendant to cause the injury complained of, the defendant may take advantage of this showing. [Tannehill v. Railroad, 279 Mo. l. c. 166; Sissel v. Railroad, 214 Mo. l. c. 526; Allen v. St. Louis Transit Co., 183 Mo. l. c. 424; Ramp v. Met. Street Ry. Co., 133 Mo. App. l. c. 703.] However, no such conclusion can reasonably be drawn from plaintiff's evidence, or for that matter from the evidence in the whole case, and the cases cited have no application. Upon the record before us we must overrule appellant's contention that its peremptory instruction in the nature of a demurrer to the evidence should have been sustained.

Turning now to the propriety of the trial court's original action in giving appellant's requested instruction numbered 9, a like careful examination of that instruction discloses that it was simply another effort toward the same objective, namely, the defeat of plaintiff's claim by the suggestion of his own contributory negligence in failing to exercise ordinary care in his own behalf. As we have already indicated the evidence available to appellant in this respect fails to show that plaintiff did not exercise ordinary care in his behalf. The giving of instruction numbered 9 without any evidence to support it was error prejudicial to plaintiff and the trial court properly sustained his motion for a new trial.

Appellant finally says that "the verdict is for the right party and should be sustained." We cannot say this unless we also say that under the evidence the jury were justified in finding and actually did find in favor of this defendant on the ground that it exercised the care required of it by law toward plaintiff under the circumstances properly pleaded and submitted. We deem it unnecessary in this appeal to rule upon the trial court's submission of the case except as to the giving of above instruction numbered 9. It is apparent, however, that with this instruction given it is impossible for us to say whether the jury found for defendant on the theory that

it had exercised the care required of it by law toward plaintiff under the circumstances pleaded and submitted, or on the theory that although defendant failed in this respect such failure was excused by evidence, which the giving of this instruction erroneously assumed to exist, that plaintiff himself had failed to exercise ordinary care for his own safety while alighting from the car. Hence, the cases cited in support of appellant's last suggestion do not apply.

For the reasons above stated the judgment sustaining plaintiff's motion for a new trial as to this defendant is affirmed. All concur.