SAM IMAN v. WALTER FREUND BREAD COMPANY, Appellant.—58 S. W. (2d) 477.

Division One, March 16, 1933.

462

*Anderson, Gilbert & Wolfort* for appellant.

*Chas. E. Morrow* and *A. A. Alexander* for·respondent.

STURGIS, C.—This is an appeal by defendant from ·the judgment against it for $10,150 in plaintiff's favor ·in a personal injury action for injuries received by·plaintiff from being struck by ·an automobile truck operated by defendant's driver. At the time of· being struck and injured, the plaintiff was walking westward across Broadway, a wide north and south street in St. Louis, along the south line of Geyer Avenue, an east and west street. The defendant's truck was traveling south on the west side of Broadway, where it collided with plaintiff near the southwest corner of the intersecting streets. Plaintiff was struck and knocked down near the west curb. of Broadway and received severe injuries.

Plaintiff's petition alleges a number of grounds of negligence on defendant's part, among them that the operator of the truck, as it approached plaintiff who was crossing the street in front of it, failed to drive his truck as near the west or right-hand side of the street as practicable; that he negligently swerved his truck to the right so as to strike plaintiff when he was trying to get out of its way, and negligently failed to so swerve the truck as to not strike plaintiff; that he was driving the truck at an excessive and dangerous. rate of speed, considering the place and circumstances; that· he negligently failed to keep a lookout for persons, and particularly plaintiff, who might rightfully be crossing the street at that point; that·he also violated certain ordinances of the city regulating the speed of trucks and requiring them to keep as near the right-hand ·side of the street· as practicable; that he violated what we call. the humanitarian ,or last-chance rule of negligence in that the·driver of this truck saw, or by

ordinary care would have seen, this plaintiff in imminent peril and danger of being struck by this truck, in time, by the prompt use of the means and appliances at hand, to have stopped the truck, turned it to one side, or so slackened its speed as to have avoided striking the plaintiff. The answer is a general denial only. Plaintiff introduced his evidence, evidence, the defendant demurred thereto, which was overruled, the defendant offered no evidence, and the case went to the jury.

The plaintiff tried his case in a manner not commended by this court in that he put in his evidence and submitted the case, the defendant offering no evidence, without any instructions as to the law of the case other than an instruction on the measure of damages. Thus, while the petition states specifically in what way the defendant was negligent and what acts on its part, if found to be true, would constitute negligence, and the court, to whom alone the pleadings are addressed, was informed of the issues to be tried, yet the jury which was to try and determine such issues was left to grope in the dark as to the issues and without chart or compass to guide them in their deliberations. We say this because the only instructions given and read to the jury were the one on the measure of damages given for plaintiff and two withdrawal instructions given for defendant, the one telling the jury not to find for plaintiff because of defendant's violating any supposed ordinance of the city of St. Louis fixing the maximum rate of speed for trucks of a certain capacity, and the other not to find for plaintiff because of any supposed failure of the driver of the truck to sound his horn or give warning of the danger of the truck's approaching this crossing. We will qualify this by saying that the court did give another instruction for defendant telling the jury that plaintiff charged the defendant with *negligence* and that such charge must be sustained by a preponderance of the credible evidence and found to be "true as laid," and that the burden of proof as to this was on the plaintiff; but as to what negligence had to be proved or what acts of the defendant, if proved, would constitute negligence was left to the jury to guess as best it could. It is true that the defendant asked other instructions withdrawing other alleged grounds of negligence and telling the jury not to consider same or base a verdict thereon, but these instructions were refused and not read to the jury, and the jury did not know, even inferentially, that these grounds of negligence, whatever they were, were not withdrawn from their consideration. The defendant also asked a demurrer to the evidence, which the court refused, but the jury knew nothing of that.

The defendant made no objection, however, and saved no exception to the action of the court in thus submitting the case without instructions to guide and direct the jury in arriving at a verdict, and we

must accept the situation as it is. We have, however, several times ruled that the plaintiff is not required to ask instructions on its part and the court is not required to give any unless asked. We need not discuss this matter further at this time.

Defendant's first insistence is that the court erred in not sustaining the demurrer to the evidence, but an examination of the argument discloses that this insistence is based not on a failure of the plantiff's evidence to show negligence on the part of the operator of the truck, but on the fact that the plaintiff's evidence shows that he was himself guilty of contributory negligence as a matter of law, which barred his recovery. In this last contention we think defendant is correct. While plaintiff showed that defendant was negligent in more ways than one in running its truck against plaintiff, yet he convicted himself of contributory negligence in deliberately walking in front of and in the line of travel of the on-coming truck. Plaintiff's evidence is that on the morning in question he walked west on the south side of Geyer Avenue to Broadway, which he had to cross in going to his destination; that it was then broad daylight and after waiting a moment at the curb to let a north-bound automobile pass, he looked and saw no cars near at hand and proceeded west across Broadway, some sixty or seventy feet wide and paved; that there were two street car tracks running north and south on Broadway which he would cross over; that as he approached the first or east street car track he saw defendant's truck turn into Broadway from the west on a side street about three hundred feet north of the crossing in question and then travel south astraddle of the west rail of the west street car track, which was about twenty feet from the west curb of Broadway. There was nothing in the way of plaintiff's vision and he says he saw and watched defendant's truck as it traveled south to where he was crossing Broadway. He observed its speed, about thirty miles per hour, and it came steadily on, neither slackening nor increasing its speed, nor turning to the right or left. Plaintiff also walked steadily on, neither increasing nor decreasing his speed, nor turning to the right or left. He says he was watching the truck, at all times in plain view, was not deceived or confused as to its rate of speed or the straight course it was traveling along the west street car rail, and that he walked at his usual gait till he reached this west rail of the west street car track, with the truck coming right toward that spot, and then or about then he observed that the driver of the truck, then only thirty feet distant, was not paying attention but was looking west instead of straight ahead, and then he started to run west, and at the same time and just as he stepped over this west rail and started to run west the driver of the truck, evidently just discovering him, suddenly swerved his truck to the right or west and collided with plaintiff some three to five feet from the west curb. It is thus stated by plaintiff that while observing this

truck coming thirty miles per hour straight down the street car rail which he was about to cross, he deliberately or carelessly walked in front of and into the pathway of the coming car when it was in plain view and about thirty feet distant, too late, as it proved, for either party to avert the collision. Upon to the time the danger became imminent and impending neither party took any steps to avoid the collision. It may be said that each then acted in the emergency and each did the wrong thing. The plaintiff might have averted the collision had he stepped back or stood still and not started to run west so as to get out of the way of the on-coming truck, and the truck driver might have averted the collision had he turned to the left instead of the right, or possibly so if he had kept straight ahead. Each of the parties was negligent in creating this situation of imminent peril and neither can be blamed for not doing the right thing when acting under the emergency. [Frankel v. Hudson, 271 Mo. 495, 504, 196 S. W. 1121.] "That an emergency or sudden peril arose does not excuse if such emergency resulted from appellant's negligence." [Hall v. Railroad (Mo.), 240 S. W. 175.]

We have often held that it is negligence *per se* for a traveler at a railroad crossing to heedlessly and blindly walk or drive in front of an on-coming train which he knows, or by looking or listening could ascertain, was about to reach the crossing. [Gubernick v. United Railways (Mo.), 217 S. W. 33; Laun v. Railroad, 216 Mo. 563, 579, 116 S. W. 553; Holland v. Railroad, 210 Mo. 338, 350, 109 S. W. 19.] There is some difference, to be sure, in that a railroad track is a warning of danger and a railroad train or street car has the right of way over its track and must travel on such fixed track, but when the street traveler sees and knows of the fast moving truck which cannot be swerved or stopped in an instant, he cannot blindly or heedlessly step into its pathway so close as to endanger his safety without being negligent in so doing as a matter of law. The court in Russell v. Bauer-Berger Grocery Co. (Mo. App.), 288 S. W. 985, 988, said: "A pedestrian who goes upon a much-traveled street, over which he knows automobiles are constantly passing, without looking for approaching automobiles in the direction from which automobiles may be expected to approach, subjects himself to danger from approaching automobiles not necessarily arising from the negligence of the drivers, but a danger which is likely to arise though the drivers are in the exercise of the utmost care. If by looking for approaching automobiles, which is but the act of reasonable prudence under such circumstances, he would discover the negligence of an automobile driver which threatens him in time to avoid being injured, he ought not to be permitted to presume, without looking, that the driver would not be negligent." This is preeminently true when the pedestrian sees the on-coming automobile and knows its rate of speed and the pathway of its travel.

■ It is true that defendant did not plead contributory negligence as a defense and would not have been allowed to introduce evidence of its own tending to show plaintiff's contributory negligence as an affirmative defense, but it has been uniformly ruled that when plaintiff's own evidence convicts him of contributory negligence, then he destroys his own cause of action and cannot recover though defendant has not pleaded such defense. [Sissel v. Railroad, 214 Mo. 515, 113 S. W. 1104; Hudson v. Railroad, 101 Mo. 13, 30, 14 S. W. 15; Tannehill v. Railroad, 279 Mo. 158, 165, 213 S. W. 818; Hardcastle v. Pullman Co., 320 Mo. 1239, 1245, 10 S. W. (2d) 933.]

This rule prevails though plaintiff proves by abundant evidence the defendant's negligence as a proximate cause of the injury. [See cases, supra.]

■ The court, therefore, should have given the several withdrawal instructions advising the jury not to consider or base a verdict on the several grounds of alleged negligence·as to which contributory negligence is a complete defense. These several withdrawal instructions are in effect separate demurrers to the several grounds of negligence, and, as a demurrer is properly based on contributory negligence when that is a defense and is proven by plaintiff's own evidence, they should have been given. ■ The general demurrer to plaintiff's entire evidence which directed a verdict for defendant was properly overruled where, as here, there was one ground of negligence not reached or defeated by contributory negligence.

■ This leads us to consider the humanitarian or last-chance theory of negligence, which, if established, overrides contributory negligence and permits plaintiff to recover notwithstanding his own contributory negligence. This rule of law is a beneficent one, though somewhat technical and narrow in its application, and is sufficiently stated in the petition to apprise the defendant and the court that plaintiff sought recovery thereunder. This rule is to the effect that if the driver of this dangerous instrumentality saw, or by the exercise of the highest degree of care would have seen, this plaintiff in or about to go into a place of imminent peril of collision with this truck, and this truck driver then had the time and opportunity, by the prompt use of the facilities and appliances at hand, to have avoided striking plaintiff by lowering the speed of the truck, or stopping if necessary and he could do so, or by turning the truck to the right or left, and if he failed to do so, then plaintiff could recover damages, and this would be true however negligent or heedless the plaintiff was in attempting to cross in front of and in the pathway of this truck. Under the facts·proven, taken most favorably for plaintiff, we think plaintiff is entitled to recover on this ground of negligence, though we have no idea that the jury, in the absence of any instruction on the matter, at all understood the theory on which

alone it could find for plaintiff. While most lawyers know something of the limitations of this rule and what facts the jury must find in order to find for plaintiff thereunder, a jury of laymen could no more understand the rule itself or how to apply it to the facts in evidence than they do about extracting the cube root of a number in five figures, or perhaps applying "Einstein's Theory of Relativity," whatever that may be. We hold that plaintiff could recover on this theory for the reason that much the same facts which convict plaintiff of contributory negligence demonstrate defendant's ability to have avoided this accident, especially when we take into consideration the truck driver's duty to use the highest degree of care in discovering plaintiff's peril and taking prompt steps to avoid injuring him. [Frankel v. Hudson, 271 Mo. 495, 503, 196 S. W. 1121.]

█ █ The evidence is that instead of keeping a vigilant watch for persons who might rightfully be crossing the street at this point, the truck driver was looking westward and did not discover or at least did not give heed to plaintiff till he was only thirty feet from him, and then on sudden impulse he swerved his truck in a way to run plaintiff down instead of avoiding striking him. The evidence is that this truck, at thirty miles per hour, could be stopped in twenty-five feet after putting the foot on the brake, and defendant argues that it necessarily took some appreciable time to take the foot off the accellerator and place it on the brake. Our answer to this is that if the driver of this truck had been exercising the high degree of care imposed on him, he would not have waited till the truck was thirty feet from plaintiff, then directly in the path of the truck, before placing his foot on the brake and putting the truck under control, nor do we agree that the truck driver's duty to use the means at hand to avert striking plaintiff arose for the first time at this point thirty feet from plaintiff, who was then at the west rail of the street car track straight ahead of the truck, but that such duty arose when the truck driver saw, or by using the highest degree of care would have observed, the plaintiff going into the danger zone. [Mattocks v. Emerson Drug Co. (Mo. App.), 33 S. W. (2d) 142, 145.] This was properly a question for the jury under proper instructions.

█ █ We might here say, in view of another trial, that there must always be a causal connection between the negligence proven and the resultant injury, and that the mere proof of negligence in some respect and a subsequent injury is not always sufficient to take the case to the jury. [Warner v. Railroad, 178 Mo. 125, 77 S. W. 67, 69.] Here it is alleged that defendant's truck was not being driven as near the west side of Broadway as was practicable, and this was proven. We fail to see, however, any causal connection between this negligence, if it be such, and plaintiff's injury. Plaintiff does not claim that he was not looking for or expecting to find trucks

running so far out in the street or that they were harder to see or avoid there than if nearer the curb. We can readily see that there might be conditions and accidents where a violation of this regulation requiring south bound vehicles to travel near the west curb would be negligence proximately causing the accident, but not so here. It is true that if defendant's truck had been traveling three or four feet from the west curb instead of sixteen or eighteen feet, this accident would not have happened, and so it would not if the truck had been traveling in the center or on the east side of the street. Nor would the accident have happened if plaintiff had walked slower in approaching or crossing Broadway. This ground of negligence should not have been submitted for want of any causal connection with the accident.

Because of the errors herein pointed out, the judgment is reversed and the cause remanded. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.*, not voting, because not a member of the court at the time cause was submitted.