## ED ROOT v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

### Division One, November 29, 1911.

1. **NEGLIGENCE: Order of Foreman: Immediate Obedience.** The plaintiff was employed, under defendant's foreman, in rebuilding defendant's bridge. While doing work at said foreman's direction he was injured by the moving of a flat car and pile driver by said foreman's order. According to the testimony of plaintiff's witnesses the foreman's order to plaintiff was, "Go down and tighten it; have not time to put in another bolt." If that was true, then, despite the facts that it was the next duty of the car to back out, that the work was rushed, and that the usual course of things was for the car to go instantly back for its next load (if that were true), the plaintiff was nevertheless warranted in thinking that the foreman would give him time to do the work ordered before giving the signal for the car to back out.

2. ———: ———: **Conflict of Evidence: Instructions.** There is a conflict between the evidence of plaintiff's and defendant's witnesses as to whether the foreman's direction to the plaintiff to do the work in the doing of which he was injured was one requiring present action and prompt obedience, or whether the order was so framed as to require obedience only after other things had been done to make obedience safe. The defendant had a right to have an instruction upon this last theory.

3. **INSTRUCTIONS: Composite of Evidence.** It is perfectly proper for the defendant to present to the jury by an instruction a theory of the cause made up of the testimony of three of his witnesses in the light of the accuracy of the statements of two of them as to part of the testimony and the accuracy of the statement of the third witness as to the remainder.

4. ———: **On all Theories Supported by Evidence.** Where the evidence for plaintiff goes to show that he was injured in obeying an order of defendant's foreman requiring immediate action, and the testimony of two of defendant's witnesses, putting aside that of a third, is to the effect that the plaintiff did not receive an order in the words claimed by him, but a totally different order, requiring the doing of work at a different place and of a different nature, then the defendant is entitled to an instruction based upon the testimony of these two witnesses.

5. ———: Proof of One Theory Precluding Other. This action for damages for personal injuries turns upon the form of an order given to the plaintiff by defendant's foreman. There was but one order given, and it was either in the terms set forth by plaintiff's witnesses, or in those stated by the witnesses for defendant. There is, then, no merit in an objection to an offered instruction of defendant, that it did not state in express terms that the language quoted in the instruction comprised all that was used by the foreman in giving the order.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*Hall & Hall* and *J. G. Trimble* for appellant.

The court erred in refusing to give defendant's refused instructions 8 and 10. Both Johnson and Comer testified that they were within a foot or two of plaintiff at the time Johnson gave plaintiff the orders about tightening the nut, and both testified that Johnson told plaintiff to tighten the bolt while he (Johnson) went out with the pile driver to get the ties. The theory of the defense was that the foreman did not order plainto do the work of tightening the bolt before the driver was moved out after ties, and that plaintiff was guilty of negligence in undertaking to obey the order at a time contrary to the usual method of doing the work, and without any knowledge on the foreman's part that he intended so to do. Defendant had the right to have this theory and defense presented to the jury in definite concrete terms, as stated in these instructions, and for the court to refuse them was reversible error. Ridens v. Ridens, 29 Mo. 470; Cahn v. Reid, 18 Mo. App. 135; Craft v. McBoyd, 32 Mo. App. 399; Nivert v. Railroad, 232 Mo. 626; Ring v. Railroad, 112 Mo. 230;

237 Sup.—41

Davies v. Railroad, 159 Mo. 7. (2) The court erred in refusing to give the peremptory instructions asked by defendant, and in overruling motion in arrest of judgment. First. The petition fails to state facts sufficient to constitute a cause of action. The allegation is that appellant's foreman ordered plaintiff to tighten a nut on a cord bolt in one of the stringers of the bridge, and while plaintiff was tightening the nut "of said cord bolt with a cord wrench, the defendant negligently ran said pile driver toward the west and negligently ran the leads of said pile driver over and upon plaintiff and negligently dragged the plaintiff on and along the railroad track." But the petition does not allege that defendant's foreman told plaintiff to tighten the nut while the pile driver was being moved, or before it was to be moved. Neither does it allege any reason why plaintiff could not, or did not, get out of the way of the moving pile driver or why he should tighten the nut at that particular time, or should sit still and let the pile driver run over him. There is no complaint (or charge) of negligence except in moving the pile driver. It is not sufficient to allege that the moving of the pile driver was negligently done. The petition must state the facts constituting such negligence. R. S. 1909, sec. 1794. Every fact which plaintiff must prove to maintain his action is constitutive and must be alleged in his petition. Rush v. Brown, 101 Mo. 590; Sidway v. Missouri Land & Live Stock Co., 163 Mo. 372; Young v. Schofield, 132 Mo. 661; Gurley v. Railroad, 93 Mo. 445; Sullivan v. Railroad, 97 Mo. 113; Mitchell v. City of Clinton, 99 Mo. 159; Current v. Railroad, 86 Mo. 62; Waldhier v. Railroad, 71 Mo. 514; Edens v. Railroad, 72 Mo. 212; Harrison v. Railroad, 74 Mo. 371; Troth v. Norcross, 111 Mo. 630; Fuch v. St. Louis, 113 Mo. 194; Rushenberg v. Railroad, 109 Mo. 112; Willis v. Railroad, 44 Mo. App. 51. Second. The evidence fails to show any negligence on the part

of appellant or its foreman, Johnson.   Chandler v. Gas Co., 174 Mo. 321; Fuchs v. St. Louis, 167 Mo. 645; Beasley v. Linehan Transfer Co., 148 Mo. 413; Paden v. Von Blarcomb, 181 Mo. 127; Smith v. Railroad, 113 Mo. 70; Roscoe v. Railroad, 202 Mo. 588.   Third.   Plaintiff's injury was the result of his own negligence in placing himself in the way of the leads at the time he knew, or ought to have known, that the pile driver was to be moved.  Sissel v. Railroad, 214 Mo. 528.  The plaintiff had no right to become so engrossed in his work as to become heedless of his danger and as not to take proper precaution to observe the approach of the pile driver. Clancy v. Transit Co., 192 Mo. 655; Davies v. Railroad, 159 Mo. 1; Evans v. Railroad, 178 Mo. 514; Sharp v. Railroad, 161 Mo. 235; Tanner v. Railroad, 161 Mo. 510; Loeffler v. Railroad, 96 Mo. 267; Loring v. Railroad, 128 Mo. 359; Kreis v. Railroad, 148 Mo. 333; Moore v. Railroad, 176 Mo. 543; McGrath v. Transit Co., 197 Mo. 104; Wheat v. St. Louis, 179 Mo. 580; Cahill v. Railroad, 205 Mo. 407; Brockschmidt v. Railroad, 205 Mo. 444; Degonia v. Railroad, 224 Mo. 587; Van Dyke v. Railroad, 230 Mo. 282.

*A. G. Knight* and *Hubbell Bros.* for respondent.

(1)   The plaintiff's petition states facts sufficient to constitute a cause of action.   Cody v. Longyear, 114 N. W. 735; Barrett v. Reardan, 95 Minn. 425; Berneche v. Hilliard, 101 Minn. 366; Dizonno v. Railroad, 114 N. W. (Minn.) 738; Haynie v. Tenn. Coal, Iron & R. Co., 175 Fed. 56; Womack v. Hicks Locomotive & Car Works, 172 Fed. 217; Egan v. Railroad, 115 Pac. 940; Borden v. The Falk Co., 97 Mo. App. 569; Gessley v. Railroad, 32 Mo. App. 419; Purcell v. Railroad, 26 S. E. (N. C.) 161; Rolling Mill Co. v. Johnson, 29 N. E. 186; Ayers v. Railroad, 5 S. E. (Va.) 582; Ragland v. Railroad, 22 S. 366; Snyder v. Railroad, 54 N. E. 475; Strong v. Railroad, 94 Iowa, 380; Porter v. Stock-

yards Co., 213 Mo. 372; Koerner v. Car Co., 209 Mo. 141. (2) The court did right in refusing defendant's instructions 8 and 10. Zanders v. Transit Co., 206 Mo. 445; Stetzler v. Railroad, 210 Mo. 714; Huff v. Railroad, 213 Mo. 515; Frazier v. Smelting and Refining Co., 150 Mo. App. 430.

BOND, C.—Plaintiff alleges that he was a member of a "pile driver crew," employed by defendant to rebuild a portion of its bridge over the Chariton River, which had been burned; that he was under the orders and control of the foreman of said crew, Walt Johnson, and while so engaged was directed "to tighten the nut of a cord bolt" at a point on the south rail of defendant's railroad track, about half way between the trucks of the flat car containing the pile driver and the outward projection of the "leads" of the pile driver, which were two posts about thirty-seven feet high and were a part of the machinery of a pile driver, and at the time projected about fourteen feet in front of the truck of the car on which the pile driver was constructed. This pile driver with its block and tackle were used to bring piling, stringers and cross ties from the place where such material was deposited to the points where it was used in rebuilding the bridge. The bottom of these leads was about five inches above the cross ties when laid on the track. Plaintiff states that while obeying said directions and while engaged in tightening said bolt at a point midway between the front of the car carrying the pile driver and between the outward projection of the leads, "the defendant negligently ran said pile driver over and upon the plaintiff and negligently dragged plaintiff on and along the railroad track," thereby inflicting great and painful injuries and causing him to be permanently disabled. Plaintiff claimed damages for $30,000.

The answer was a general denial and plea of contributory negligence.

The undisputed evidence showed that plaintiff was a member of a pile driver crew of which Walt Johnson was the foreman; that said crew and its foreman were employed by the defendant to reconstruct the main span of its bridge over the Chariton River, which had been destroyed by fire a few days before the 10th day of July, 1907; that on said day the flat car on which the pile driver was erected was operating from the west side of the river across which defendant's railroad ran in an easterly and westerly direction; that the car containing the pile driver was moved by a locomotive and was used to transport, first, piles to be sunk in the river; secondly, caps and stringers to place on them; thirdly, cross ties to place on the stringers to serve as a support for the metals over which the trains were run.

The plaintiff was injured at a time when the flat car and pile driver had brought up and laid a stringer on the north side of the track and when it had started to back out in a westerly direction to get ties to be put across said stringer and a like stringer which had already been laid on the south side of the track. The testimony of the plaintiff and his witnesses as to the manner in which the injury happened is to the effect that plaintiff told the foreman, Walt Johnson, that the bolt which had been put in through a stringer on the south side of the track was too short for an O G washer, and that the foreman answered: "Go down and tighten it up; have not time to put in another bolt." That plaintiff picked up a wrench and proceeded to tighten said bolt and had only made about two half-turns on the nut when the backing out of the flat car caused the foot of the leads to run upon his thigh and inflict the injuries sued for; that the

backing out of the car was in obedience to a signal given by the foreman.

There is no conflict in the evidence as to the situation of the plaintiff when he was injured. He was at a point equally distant between the front of the car trucks and the lower end of the projecting leads. He was about seven feet from the leads when he sat down on the ties to do the work. Neither is there any conflict in the evidence that the injury was caused by the backward movement in a westerly direction of the car under a signal made by the foreman immediately after his conversation had with plaintiff. There is a direct conflict in the evidence as to the words and substance of the conversation between the foreman and the plaintiff which immediately preceded the injury. As to this, the foreman and other witnesses for the defendant testified that when the car carrying the pile driver had landed the north stringer, and after the crew had "snubbed" or "tied it with a rope," then the car was ready for its next task, which was to go back and get ties to be laid across the stringer in question and the one which had been previously landed on the south side of the track; that plaintiff then asked the foreman, who was standing within eighteen inches of him, "Shall I help get the ties?" That the foreman replied, "No, Ed, you help Comer put the bolt in and I will get the ties." The foreman testified that he told plaintiff to do this "when we get in the clear." When asked questions about this, the witness said: "Q. Well, when you told Root to help this Comer put this bolt in as soon as you got in the clear, what did you mean by getting in the clear? A. Getting the machine out of the way. Q. That is, moving the pile driver where? A. Back off of the bridge. Q. That would mean toward the west? A. Yes, sir." And again made answer: "Q. What was it you told Root to do to the best of your recollection? A. I told him to help Comer put his bolt in there when he got in the clear—

this stringer had just been landed at the time. I said I would help get the ties. Q. You didn't tell him to tighten that nut? That is not what you said? A. No, sir." And again: "Q. Root asked you if he should go out with the driver and get the ties, did he? A. Yes, sir. Q. And you answered him saying that you would get the ties and for him to help Comer put the bolt in as soon as you got in the clear? A. Yes, sir. Q. That was your language as near as you can remember? A. Yes, sir. Q. What did you do immediately after you told him that? A. Turned out to the south and walked back on the south side and gave the engineer a signal to back up and walked ahead and climbed on the car. Q. How soon after you gave the signal was it until the driver started to move? A. It was just an instant."

As to this conversation the witness Comer testified: "Q. How far were you from those two men? A. I don't suppose we was over eighteen inches apart. We was right close together. Q. You do know that you heard those words spoken between those two men at that time? A. Yes, sir; Root asked the question and Johnson he said, 'No, I will go and get the ties and you help Comer put the bolt in as soon as I get the train out of the road.' Q. Then immediately after that Johnson stepped to the south, and. facing the west gave the back-up signal with his left hand? A. Yes, sir." As to this conversation witness N. S. May testified, that he was holding the leads and expecting the driver (locomotive propelling the flat car and pile driver) to back up at any time; that he heard Johnson, the foreman, say, "Ed Root, tighten up the bolt and I will get some ties;" that when he saw Root tightening the bolt, the driver was moving upon a signal which had been given by the foreman; that at the time of the conversation between Johnson and Root the pile driver was standing still.

Among the instructions given for plaintiff by the court was one which submitted the case to the jury upon the hypothesis that the foreman gave the order to plaintiff in the exact terms testified to by him and his witnesses, i. e., "to tighten the nut on a cord bolt," and that plaintiff while obeying said order was injured by the backing out of the pile driver upon a negligent signal given by the foreman. This instruction purported to cover the case and directed a verdict for the plaintiff upon the suppositions therein contained. The court gave another instruction for plaintiff which also purported to cover the case and direct a verdict, and which contained a substantial restatement of the acts hypothesized in instruction numbered two, but was prefaced by a statement of the law making it the duty of the servant to obey the master and trust his judgment about things upon which reasonable men might have different opinions. The court gave some instructions for defendant, but none of them submitted to the jury the version of the order or direction given by the foreman to the plaintiff preceding the injury as it was testified to by defendant's witnesses. Defendant requested the following instructions on these points, which the court refused to give; and defendant duly excepted.

"8. If the foreman told the plaintiff to tighten up the bolt when the pile driver got 'into clear,' and plaintiff knew, or on account of his experience in working on and about the pile driver he should have known, that the words used meant that it was the foreman's intention to move the pile driver immediately, the direction to tighten up the bolt did not constitute a command to do so at once and plaintiff was guilty of such negligence in sitting down on the bridge in a place of danger from the moving pile driver as would preclude a recovery and the verdict must be for the defendant.

"10. If plaintiff asked the foreman if he (plaintiff) should go with McDaniel to get ties and the foreman answered, 'No, you help Comer put in the cord bolt and I will get the ties' (or used words to the same effect) and if you believe the words used would, under the circumstances, have put an ordinarily prudent person on his guard and have caused him to think the intention was to move the pile driver at once, such direction to put in the cord bolt did not amount to an order to plaintiff to tighten up the bolt at once regardless of the other work to be done in the usual way of doing such work and without care on his part to ascertain whether the intention of the foreman was to depart from the usual manner of doing the work; and if by the exercise of proper care and caution on his part, plaintiff would have known the intention of the foreman was to move the pile driver in the usual way, and he (plaintiff) did not use such care and caution as an ordinarily prudent person would have used in his circumstances, and on account of his failure to do so he was injured, the verdict must be for defendant."

There was a verdict for $12,000, from which this appeal was taken by defendant, who assigns for error, first, the refusal of the court to give a peremptory instruction in his favor; second, the rulings of the court in giving instructions requested by plaintiff and refusing the foregoing and other instructions requested by defendant.

## OPINION.

I. There was no error in the action of the trial court in refusing to give the peremptory instruction to find for it which defendant requested at the end of the trial. If the defendant's foreman gave the order to plaintiff in the terms set forth in the testimony of witnesses for plaintiff, then it was clearly susceptible of the meaning which plaintiff's conduct shows he gave

to it—that plaintiff should instantly set about tightening the bolt on the south stringer, and that the foreman would give him time to do that work before causing the flat car on which the pile driver and its apparatus were carried to be backed out in order to bring up ties for the two stringers on the north and south sides, both of which had then been laid. The fact that this was the next duty of the flat car and the further fact that all of the work was being rushed to enable the running of trains were not conclusive information to the plaintiff that he would not be expected to obey the order until the car had backed away from the spot where the bolt was located. Neither would the fact (if it were a fact) that the usual course of things was for the flat car to go instantly back for its next load after laying the parallel stringers, make it the duty of plaintiff to construe the order of his foreman to mean that he should await the retiracy of the car before obeying the command. The order given to plaintiff, according to the testimony on his behalf, was a clear and positive direction for present action and prompt obedience. Hence, plaintiff's mere knowledge that the work might be dangerous if the flat car moved and that such work had been customarily done when the track was clear, would not make it his duty to disobey the specific command of his superior, expressed in the present tense, unless the danger of present performance was so glaring, imminent and threatening as to deter any man of ordinary prudence from so doing. [George v. Railroad, 225 Mo. l. c. 412.] Plaintiff might well have supposed that an order requiring immediate action on his part would not have been given unless the foreman intended to make obedience safe by waiting until the work was done before causing the pile driver at a height of only five inches above the surface to pass over the place to which plaintiff had been ordered.

Our conclusion is that there was nothing in the situation nor in the usual course of work nor in the terms of the order (as testified to by plaintiff) which made it his duty to refuse obedience on the ground that the danger facing him was so imminently threatening to life and limb that no man of ordinary prudence would assume it. The assignment of error, that there was no case for the jury, so earnestly pressed in the argument, is overruled.

II.   The decisive question presented on this appeal arises upon the refusal of the court to give two instructions (numbered 8 and 10) requested by defendant and set forth in the foregoing statement of the facts. The two phases of the evidence mentioned in these instructions were not submitted to the jury in any of those given by the court in this case, although there was substantial evidence tending to prove the truth of the facts hypothesized. [Murray v. Railroad, 176 Mo. l. c. 191; Wren v. Railroad, 125 Mo. App. l. c. 606-607.] The theory of facts in instruction numbered 8 was supported by a composite of the testimony of all the witnesses for the defendant—two of whom stated that the order given by the foreman was to "put in a cord bolt" after the track was clear; and the third witness (N. S. May) who stated that the words used were "Ed Root, tighten up the bolt, and I will get some ties." It was perfectly proper for the defendant to present to the jury (as was done in instruction numbered 8) a theory of the case made up of the testimony of his three witnesses in the light of the accuracy of the statements of two of them as to part of their testimony and the accuracy of the statement of the third witness as to the remainder; for example, the jury might believe that the witness N. S. May was correct in his testimony as to the specific terms of the order in so far as the use of the words "tighten up the bolt," and that the other witnesses (Johnson and Co-

mer) were correct in their testimony in so far as they stated that the command given was only to be executed by plaintiff after the pile driver got "into clear." The pith of this defense was, that even if the order was given in the language which plaintiff stated was used, yet the fact that it included an express statement that it was not to be obeyed until the track had been cleared. left no excuse or justification for acting before that time; and hence, by acting contrary to the terms of the order, plaintiff directly caused the injuries suffered by him. We think the defendant had a right to predicate an instruction upon that conjunction of the testimony of all of its witnesses.

Again, defendant was also entitled by its instruction numbered 10 to submit to the jury the theory of the case based only on the testimony of two of its witnesses (Johnson and Comer) and leave out of view the testimony of its third witness (N. S. May). According to the testimony of these two of defendant's witnesses, the order given to plaintiff by its foreman was couched in the words quoted in said instruction. These words meant the doing of an entirely different thing from what plaintiff claimed he was ordered to do. If the words quoted in this instruction were used, then plaintiff had no direction to do the work in which he was actually engaged when he was injured, and could not recover on the cause of action stated in the petition. The gist of instruction numbered 10 was, that plaintiff did not receive an order in the words claimed by him, but that he was given a totally different order, which, by its terms, required the doing of work at a different place and of a different nature; and hence, that it afforded no authority whatever for plaintiff to undertake the work which the record shows he was engaged in when injured. The terms of the order so hypothesized were directly repugnant to those stated by plaintiff's witnesses. If the statement of defendant's witnesses was true, then the statement

of plaintiff's witnesses was untrue.  It was simply this alternative testimony as to the one order which was sought to be submitted to a finding by the jury in instruction numbered 10.  The idea underlying this instruction was that if plaintiff disregarded the plain directions of his foreman, and without the authority or knowledge of his foreman engaged in other work and was injured thereby, he would not be entitled to recover as for negligence of defendant.

The terms in which the order given by the foreman to plaintiff was expressed, and the natural import of the language used in that direction, were of the very essence of plaintiff's right to recover in the present action and of any possible defense thereto on the part of defendant.  The testimony of the two sets of witnesses on this subject was vital to a proper solution of the issues joined, and should have been submitted according to the theory of law applicable to the defendant's testimony as well as that applicable to plaintiff's testimony.  The court did this at the request of plaintiff but refused to do so at the request of defendant.  This was erroneous and necessarily prejudicial since it took away from the jury any consideration of the proof adduced by defendant to show a want of negligence on its part, and that the direct cause of the injury was the contributory negligence of plaintiff.

It is insisted in a typewritten appendix to the brief of counsel for plaintiff that instruction numbered 8 should not have been given because no witness had testified that the order given by the foreman to plaintiff was to tighten up the bolt when the pile driver got in the clear.  As has been shown, this supposition of fact in this instruction is supported by the congruous parts of the testimony of the three witnesses for defendant.

Objection is also made that instruction numbered 10 should not have been given in the form presented,

because it was not stated in express terms that the language quoted in this instruction comprised all that was used by the foreman in giving the order. The whole record discloses but *one* order was given in this case, and that it was either in the terms set forth in the testimony of plaintiff's witnesses, or in the terms stated by the witnesses for defendant. If it was contained in the terms stated by defendant's witnesses, it could not have been given as claimed for plaintiff, for the language ascribed to the foreman by defendant's witnesses was opposite in meaning to that referred to in the testimony for plaintiff.

If, therefore, instruction numbered 10 was subject to a verbal omission in failing to expressly submit to the jury whether the alternative form of the order quoted in it was the *only* one given, still it was free from substantial defect, since a finding of the facts as predicated in it, by necessary implication involved a finding by the jury against the contention made by plaintiff. [Flaherty v. Railroad, 207 Mo. l. c. 334-5.] Besides, the whole record shows, whatever may have been its nature, only *one* order was given.

For the refusal of the court to submit the theories of defense arising upon the evidence adduced by defendant under the issues in this case, the judgment is reversed and the cause remanded. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.