STATE OF MISSOURI at the Relation of ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Relator, v. GEORGE F. HAID, WILLIAM DEE BECKER and CHARLES H. DAUES, Judges of the St. Louis Court of Appeals.—63 S. W. (2d) 15.

Division Two, September 4, 1933.

*T. E. Francis, B. G. Carpenter* and *Allen, Moser & Marsalek* for relator.

*J. Edward Gragg* for respondents.

WESTHUES, C.—Original proceedings in certiorari. Relator challenges and seeks to quash the record and judgment of the St. Louis Court of Appeals in the case of Sneed v. St. Louis Public Service Company, reported in 53 S. W. (2d) 1062.

Plaintiff, Sneed, brought suit in the Circuit Court of the City of St. Louis against relator to recover damages for personal injuries alleged to have been sustained when she attempted to step from one of defendant's street cars. The assignment of negligence in plaintiff's petition is stated in the opinion of the Court of Appeals as follows:

"The assignment of negligence in plaintiff's petition was the premature starting or moving forward of the street car while plaintiff was in the act of and before plaintiff had time or opportunity to alight in safety, and that she was thereby thrown to the street and injured."

The opinion then states that the answer consisted of a general denial. We learn from the opinion that relator, defendant in that suit, during the trial in the circuit court, relied upon two defenses: First, that the street car did not move until after plaintiff had safely departed from the car; second, that plaintiff was not injured on that occasion as pleaded in her petition.

Relator introduced evidence by at least two witnesses to the effect that plaintiff safely departed from the car and walked a number of steps before she fell. Plaintiff claimed that the car started while she was on the steps causing her to fall. Plaintiff claimed she sustained injuries to her shoulder and her left collar bone and also complained of bruises on her knees and elbows. A physician testified that X-ray pictures of plaintiff disclosed that her collar bone was torn away from the breast bone. Defendant offered evidence that this particular injury existed prior to the time of plaintiff's alleged fall.

Relator offered and the trial court refused an Instruction E telling the jury that if they found plaintiff was not injured on the occasion mentioned in the evidence then she could not recover. The Court of Appeals held that the refusal to give Instruction E did not constitute reversible error and affirmed the judgment of the trial court. It is this ruling that relator contends to be in conflict with controlling decisions of this court. If in so deciding the ruling of the Court of Appeals contravenes a prior controlling decision of this court, which announces some principle of law upon the subject matter, then the opinion of the Court of Appeals must be quashed. That part of the opinion which disposed of this question reads as follows:

"The record discloses that the trial court refused to give an instruction requested by defendant to the effect that, if the jury found and believed from the evidence that plaintiff was not injured on the occasion mentioned in the petition, then she cannot recover, and the verdict must be for the defendant. This action on the part of the court is urged here as error.

"Granting that said instruction could have been given by the court with propriety, yet in our view, under the facts and circumstances in the instant case, its refusal cannot be viewed as error prejudicial to any rights of the defendant. It needs no citation of authorities that all instructions must be read together. Examining the instruction given, we find that not alone did the plaintiff's instruction on the measure of damage specifically point out to the jury that if they found for plaintiff, they could, in assessing her damages, compensate her only for such *injuries, if any,* as they might find from the evidence plaintiff sustained on the occasion in question, but, in addition thereto, we find that, among the instructions given at the request of the defendant, one told the jury that 'even though *you find and believe* from the evidence that on the occasion mentioned therein the plaintiff fell while she was in the act of alighting from said street car and *was injured,*' and another told the jury that 'even though you *may find* that the plaintiff *was injured* on the occasion mentioned in the evidence.' From these instructions the jury must have thoroughly understood that, as a prerequisite to a verdict for the plaintiff, they must find and believe from the evidence that plaintiff was injured."

The cases relied upon by relator, as announcing a rule which the Court of Appeals did not follow are the following: Mues v. Century Electric Co., 280 S. W. 412, l. c. 414; Northam v. United Rys. Co., 176 S. W. 227, l. c. 229; State ex rel. Dunklin County v. McKay, 325 Mo. 1075, l. c. 1098, 30 S. W. (2d) 83; Root v. Railroad Co., 237 Mo. 640, l. c. 651, 653, 141 S. W. 610; King v. Wabash Railroad Co., 211 Mo. 1, l. c. 15, 109 S. W. 671; Allen v. Transit Co., 183 Mo. 411, l. c. 436, 81 S. W. 1142; Murray v. Transit Co., 176 Mo. 183, l. c. 190, 75 S. W. 611; Finnegan v. Railroad, 244 Mo. 608, 149 S. W. 612; De Vitt v. Railroad, 50 Mo. 302. Upon examination we find that the Finnegan v. Railroad; King v. Wabash; De Vitt v. Railroad; Murray v. Transit Co.; Northam v. United Rys. Co. and Allen v. Transit Co. all deal with the plea of contributory negligence. The gist of those cases upon the point in question is that, even though plaintiff's instructions required the jury to find that the plaintiff in order to recover must have been exercising ordinary care for his own safety at the time he was injured, it would constitute reversible error if the trial court refused to give a correct instruction, requested by the defendant, presenting in a direct way defendant's plea and theory of contributory negligence. We do not deem those cases controlling on the point with which the Court of Appeals was dealing. Contributory negligence is not recognized as a defense in all jurisdictions. Under our Compensation Law it is no defense whatever. In those jurisdictions where it is a defense it must be as a general rule specifically pleaded. There is good reason for the rule that a defendant is entitled to have this plea submitted to the jury in a direct way by proper instructions. If not the jury may be misled because con-

tributory negligence is a special plea and not universally recognized as a defense in personal injury cases. The plea also presupposes that the defendant was negligent. A jury could not decide that question without being properly guided by instructions.

It is, however, universally understood by laymen as well as by the legal profession that in order to recover damages for alleged personal injuries a plaintiff must have sustained injuries and the defendant must have had some connection with the cause producing the injury, So the rule of law announced in the cases holding that it is reversible error for a trial court to refuse to give a proper requested instruction on the plea of contributory negligence, is not based on a similar state of facts as those before the Court of Appeals in this case. Hence its ruling is not in conflict with those cases.

In Root v. Quincy Ry. Co., plaintiff's claim for damages was based on personal injuries sustained as a result of being struck by a railroad car while plaintiff was tightening a nut on a bolt which his foreman had instructed him to do. Defendant introduced evidence that the foreman had instructed the plaintiff not to do this work until after the car which struck plaintiff was moved. Defendant offered and the court refused an instruction predicated upon this testimony. This court held that the refusal of this instruction constituted reversible error because it cut off a defense supported by evidence. It is evident that a jury might not have considered the evidence offered by defendant as a defense even if believed by the jury unless specifically instructed to that effect. The case is, therefore, not in point. The same must be said of the case of State ex rel. Dunklin County v. McKay, where the court held that defendants were entitled to an instruction, submitting to the jury in a direct way, whether or not the bond on which defendants were sued had been altered after it had been signed by defendants. This was held to be reversible error even though an instruction for plaintiff presented the question in a negative way.

The remaining case cited by relator is Meus v. Century Electric Company. This was a suit for damages. Plaintiff claimed he was injured at defendant's plant. There was a verdict for defendant and plaintiff appealed. Plaintiff assigned as error the giving of certain instructions. The rule announced in that case and relied on by relator is found in 280 S. W. l. c. 414, and reads as follows:

"In plaintiff's instruction on the measure of damages, the court dealt at length with the elements or grounds for assessing damages, and specifically and emphatically mentioned the disability of plaintiff's left hip as an element, if such disability was caused by the injury alleged. That was the paramount injury claimed by plaintiff in his testimony; but there was much evidence tending to show that the tubercular condition of plaintiff's left hip existed prior to the time of this accident, and that the disability resulted from such pre-

viously existing tubercular condition, and was not caused by any injury received through contact with the truck. The defendant had the right, under the pleadings and the evidence, to have this issue submitted to the jury. [Bollinger v. Curtis Mfg. Co. (Mo.), 249 S. W. 907, 910.]''

The Court of Appeals held that Instruction E, requested by defendant, was proper. Its ruling was, therefore, in harmony with the rule in the Meus case, but the Court of Appeals held that the refusal of Instruction E was not a prejudicial error. If it was not prejudicial to relator then the Court of Appeals was not authorized to reverse the judgment on that ground. We also note that the plaintiff's instruction in the Meus case specifically mentioned the injury to the hip. In this case plaintiff's instruction on the measure of damages (the only instruction given for plaintiff) did not refer to any specific injury but authorized the jury to assess damages for the injuries plaintiff sustained, if any.

■ Appellate courts are not authorized to reverse a judgment unless prejudicial error was committed by the trial court against the party appealing. This rule of law has been well established. [Cape Girardeau and C. Railroad Co. v. Blechle, 234 Mo. 471, 137 S. W. l. c. 978 (11) (12); McKenzie v. Randolph, 257 S. W. 126; Moyer v. Chicago & A. Railroad Co., 198 S. W. 839; Rigg v. Chicago, B. & Q. Railroad Co., 212 S. W. 878; Eckle v. Ryland, 165 S. W. 1035, 256 Mo. 424.]

■ Under the circumstances in this case can it be said that defendant was prejudiced by the refusal of the trial court to give Instruction E? Plaintiff's instruction authorized the jury to assess damages in her favor for injuries sustained, if any. The court gave two of defendant's instructions telling the jury that even though plaintiff was injured on the occasion, yet they could not find for her if her fall was from any other cause except the movement of a street car. Can any court say that the jury might have assessed damages, even if they found plaintiff had not been injured on the occasion in question, unless they were instructed that they could not? We think not. Any juror would so understand without any instruction. The same cannot be said of the plea of contributory negligence or as in the Root case, where plaintiff was injured and the question of liability or non-liability depended upon what directions were given plaintiff by his foreman or the defense of an alteration of an instrument after signature had been obtained. A jury may not, unless correctly instructed, understand that those matters constitute a legal defense. We hold, therefore, that the opinion of the Court of Appeals is not in conflict with the principle of law announced in the case cited by relator. The ruling of the Court of Appeals that the instruction might have been given with propriety but that its refusal was not prejudicial to the rights of relator does not contravene any

principle of law announced by this court upon a similar state of facts.

It follows that our writ herein must be quashed. It is so ordered. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.