James Ernest COPLEN, Respondent,

v.

William G. ZIMMERMAN and John P. Zimmerman, Respondents, and Sadie Halliday, Appellant.

No. 43665.

Supreme Court of Missouri.

Division No. 2.

Sept. 13, 1954.

Motion for Rehearing or Transfer to Court en Banc Denied Oct. 11, 1954.

Frank L. Cohn, Harry A. Hall, Kansas City, for appellant.

Wm. G. Zimmerman, John P. Zimmerman, Kansas City, for respondents.

Harold Waxman, Kansas City, for defendant, Sadie Halliday.

BARRETT, Commissioner.

About midnight on July 20, 1950, the plaintiff, James E. Coplen, and his wife called on a sick friend in her rooms or apartment at 1428 Holmes Street. The structure known as 1428 Holmes Street was formerly a residence, but the first floor had been converted into a grocery store and the second and third floors into apartments. In making the first floor suitable for a grocery store a structure was built onto the first floor so that the building was flush with the sidewalk. The walls of the first floor addition extended above its roof about two feet and the roof and wall constituted the second floor porch. William G. and John Zimmerman inherited the property from their father in 1929, and in 1950 Mr. Rosenberger operated a grocery store in the first floor and Mrs. Halliday occupied the second floor, either as a tenant or under a contract to purchase from the Zimmermans and rented out rooms or apartments. As the Coplens were leaving their sick friend Mrs. Coplen stopped in the hallway for a few minutes and Mr. Coplen walked out onto the second floor porch. He lighted a cigarette, "walked on over to the edge of the porch, laid both hands on the rail, and my left knee, and looked down on the sidewalk" and a section of the wall gave way and he fell to the ground and was injured.

To recover damages for his resulting personal injuries Mr. Coplen instituted this action against the Zimmermans and Mrs. Halliday upon the allegation that "the defendants, as owners, and/or agents, had control, management, supervision and possession of the premises" and were responsible for its care, upkeep and repair. He alleged that he was an invitee upon the premises, "using due care for his own safety," and that the defendants were negligent in that knowing that the concrete railing was weakened and insecure they permitted it to remain in that condition and failed to warn or guard against its danger. Upon the trial of his case a jury returned a verdict in favor of the plaintiff and against all three defendants in the sum of $8,500. The Zimmermans and Mrs. Halliday filed seperate motions for a new trial and the court overruled Mrs. Halliday's motion but sustained the Zimmermans' motion upon the ground that the porch and railing were under the exclusive control and possession of Mrs. Halliday and that, therefore, there was no duty upon the Zimmermans to maintain or repair the railing or to warn persons not to lean against it.

The plaintiff, Coplen, appealed from the order sustaining the Zimmermans' motion for a new trial and Mrs. Halliday appealed from the order overruling her motion. After the appeals had been perfected, the transcript and briefs filed, the plaintiff, Coplen, filed a stipulation in this court dismissing his appeal as to the Zimmermans. He also filed a motion to dismiss Mrs. Halliday's appeal for the reason that she had not perfected her appeal by filing a transcript. That motion was overruled by this court on the 8th day of February 1954 and the appeal is to be determined upon the transcript filed and Mrs. Halliday's brief, since the plaintiff, Coplen, has not seen fit to brief or argue his case upon the merits against Mrs. Halliday. And she contends that the plaintiff's petition fails to state a cause of action, that the court erred in not sustaining her motions for a directed verdict and that the court prejudicially erred in giving and refusing instructions.

In contending that the petition fails to state a cause of action the appellant seizes upon the frequently criticized phrase "and/or", State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S.W.2d 1179, and urges that the symbol leaves the position of the three defendants indefinite, confusing and contradictory. It is urged that their status, duties and liabilities as owners and agents would not be the same and therefore the petition fails to advise the defendants as to

the theory upon which the plaintiff asserts liability. But the commonly accepted meaning of the phrase "and/or" is "Either *and* or *or*." *Webster's New International Dictionary*. And despite any ambiguity arising from the use of the phrase, under the allegations of the petition, and certainly under the proof, Mrs. Halliday's duty and liability arise from the fact that she was in possession of the second floor with control of the porch and its railing under either a contract of purchase from the Zimmermans or as their tenant. 1 Tiffany, Landlord & Tenant, Sec. 120; 32 Am.Jur., Sec. 817, p. 695; 52 C.J.S., Landlord and Tenant, §§ 435–436. In either event, as against Mrs. Halliday and the objection now urged, the petition sufficiently states a claim upon which relief could be granted. Sections 509.040, 509.050, RSMo 1949, V.A.M.S.; Lambert v. Jones, 339 Mo. 677, 98 S.W.2d 752; Duff v. Eichler, 336 Mo. 1164, 82 S.W.2d 881; Burton v. Rothschild, 351 Mo. 562, 173 S.W.2d 681; 52 C.J.S., Landlord and Tenant, § 443(b), page 123.

■ In contending that the court erred in overruling Mrs. Halliday's motions for a directed verdict it is not seriously contended that negligence with respect to the railing was not a fair and reasonable inference from the plaintiff's evidence, but it is urged that he was guilty of contributory negligence as a matter of law. Two witnesses, former tenants, in describing the stuccoed, concrete and rock railing, said, "It just had all separated," the stucco was loose and off, "the float rocks were laying on top of them, and you could shake them. It just sat there" and there were large cracks in the wall. Several witnesses, including one of the Zimmermans, had seen people sitting on the railing. One witness said that Mrs. Halliday had asked her, and others, to not sit on the railing because it was dangerous. Some consideration had been given to repairing the wall. The plaintiff's wife had visited her friend at 1428 Holmes many times, often in the daytime but Mr. Coplen had been there on but two or three previous occasions, always at night and so he had not seen the railing in the light of day. It is urged that he admitted exerting pressure upon the railing, that it was fairly light and that he had no difficulty seeing the railing when he looked over, hence it is contended that he was guilty of contributory negligence as a matter of law. In the trial of the case the defendants sought to establish the inference that Mr. Coplen fell over the wall and that the railing tumbled down upon him after the fall. But he had no warning from any source that there was any danger in the railing. Mr. Coplen is a large man, six feet two inches tall and heavy. He said, "I walked up to the rail and laid both hands on it, my left knee, and leaned over" and "the rail gave way." "Q. Did you do anything else? Did you brush it? A. No, only what pressure I put against it with my knee leaning on it. Q. Was there anything about this that you saw that would indicate it might give way with you? A. No." He had not previously examined the railing and "It was dark, there was no porch light on the porch." In these circumstances Mrs. Halliday's negligence and consequent liability and certainly Mr. Coplen's contributory negligence were questions for the jury to resolve and could not properly be declared as a matter of law. Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; Brewer v. Silverstein, Mo., 64 S.W.2d 289; Kennedy v. Hartwig-Dischinger Realty Co., Mo.App., 201 S.W.2d 475; 65 C.J.S., Negligence, §§ 256–257, page 1166.

Instruction one is a conventional instruction submitting the status and duty of the three defendants and hypothesizing their possession and control of the common passageway, their knowledge of the insecure, defective railing and that "the plaintiff had gone to the building to visit friends who resided there, and while on the porch and exercising ordinary care for his own safety, * * *." It is urged that this instruction was prejudicially erroneous in two particulars, first, because it directs a verdict for the plaintiff "without requiring a finding that plaintiff had no knowledge of the dangerous condition in time to have avoided injury to himself" and, second, because "it omits the issue of the non-liability of defendants to plaintiff for any

defect existing in the railing caused by third parties, not agents of defendants, occurring before defendants had reasonable time to repair same." In connection with both of these claims it should be noted that there were instructions, offered by the defendants, which exonerated Mrs. Halliday if the jury found that there was no duty on her part to make repairs to the exterior of the premises, including the railing, that if both plaintiff and defendants were guilty of negligence contributing to Mr. Coplen's injury, the jury's verdict should be for the defendants. There was an instruction upon Mrs. Halliday's lack of knowledge of the condition in time to have remedied the defect and there was an instruction that if the jury found that plaintiff put his knee and hands on the railing and exerted pressure upon it "and was thereby not using ordinary care for his own safety" and as a result was injured their verdict "must be for the defendants."

■ There were no other qualifying or delimiting instructions and as to the second claim of error it is admitted that her reliance is solely upon evidence "on behalf of the defendants" that holes had been drilled in the railing by an awning company for the purpose of erecting an awning for the man who operated the grocery store on the first floor. The plaintiff's instruction did not exclude from the jury's consideration this defensive theory shown by the defendant's evidence and he was not bound to hypothesize that theory in his principal instruction which submitted the facts supporting his right to recover. Easterly v. American Institute of Steel Construction, 349 Mo. 604, 162 S.W.2d 825; Lawbaugh v. McDonald Mining Co., Mo.App., 202 S.W. 617; Turner v. Southwest Missouri R. Co., 138 Mo.App. 143, 120 S.W. 128; Marden v. Radford, 229 Mo.App. 789, 84 S.W.2d 947, 960; Haywood v. Kuhn, 168 Mo.App. 56, 151 S.W. 204. Mrs. Halliday did not elect, as she could have, to submit the defense shown by her evidence and the plaintiff was not bound to do so in the circumstances of this record. Broderick v. Brennan, Mo.App., 170 S.W.2d 686.

■ In support of her first claim that instruction one was prejudicially erroneous because it failed to require a finding that plaintiff had no knowledge of the condition of the railing in time to have avoided injury to himself the plaintiff relies upon the business-invitee cases of Schwartz v. S. S. Kresge Co., 238 Mo.App. 1165, 185 S.W.2d 37 and Daggs v. Patsos, Mo.App., 260 S.W. 2d 794. Those cases held that the plaintiffs' contributory negligence was for the jury, in the one case in failure to see pebbles upon a stairway and in the other in failure to see an unloading ramp in the doorway of a grocery store. Nevertheless, both cases held that absence of knowledge of the dangerous condition on the plaintiffs' part was an essential element of their cases, hence their principal instructions were prejudicially erroneous in failing to require a finding that plaintiffs had no knowledge of the dangerous conditions in time to have avoided them. It was also held in the Daggs case that the error was not cured by four instructions on behalf of the defendant which told the jury that if the plaintiff in the exercise of ordinary care saw or should have seen the ramp in time to have avoided stepping on it the verdict should be for the defendant, and neither was it cured by the plaintiff's instruction which required a finding that she was in the exercise of ordinary care for her own safety at the time. It is not necessary upon this appeal to consider the essential validity of these two cases and determine whether the plaintiff must include this hypothesis in his instruction or to say whether the omission is supplied and sufficiently covered by other instructions. But see and compare: Glaser v. Rothschild, 221 Mo. 180, 120 S.W. 1, 22 L.R.A.,N.S., 1045; Brewer v. Silverstein, supra; Long v. F. W. Woolworth Co., Mo., 159 S.W.2d 619; Nephler v. Woodward, 200 Mo. 179, 98 S.W. 488; Murphy v. Fred Wolferman, Inc., 347 Mo. 634, 148 S.W.2d 481; 52 C.J.S., Landlord and Tenant, § 443, page 122.

■ Neither is it necessary here to consider the elements essential to the plaintiff's cause of action, what he must plead, prove

and hypothesize, as indicated the appellant does not seriously contend that the plaintiff failed to prove the merits of his cause of action in any material particular. It is sufficient to note that the principal instruction submitting the plaintiff's theory of the defendants' liability was supported by his proof. Of course, it is implied in the fact that he made a submissible case and in his hypothesis that the condition complained of was not an open and obvious danger, known and appreciated by him. Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278. But as to this specific matter, the plaintiff's knowledge of the dangerous condition of the railing, the fact is that there was no evidence as to his knowledge except his own testimony and, as pointed out in considering whether he was guilty of contributory negligence as a matter of law, there had been no warning, he had never been there except at night, he had not examined the railing, it was dark and he did not see anything indicating that there was any danger in the railing. The principal instruction required a finding that he was "exercising ordinary care for his own safety" at the time, and in these circumstances it would appear unreasonable to say that the instruction was prejudicially erroneous in omitting the additional requirement "that plaintiff had no knowledge of the dangerous condition in time to have avoided injury to himself." August Viermann Bricklaying Co. v. St. Louis Contracting Co., 335 Mo. 534, 73 S.W.2d 734.

In this connection it is assumed, solely for the purposes of this opinion, that there is a valid distinction between the business-invitee cases and the landlord and tenant-invitee cases and that the rules with respect to the invitee's knowledge do not apply in the latter type cases. O'Neill v. Sherrill, Mo.App., 254 S.W.2d 263, 267. As against the owner, the tenant's knowledge of a defect in the premises, or against a tenant in possession and control, his invitee's knowledge, is of force only in so far as it bears upon the plaintiff's contributory negligence. Bartlett v. Taylor, 351 Mo. 1060, 1070, 174 S.W.2d 844, 850; O'Neill v. Sherrill, Mo.App., 254 S.W.2d loc. cit. 267; 38 Am.Jur., Secs. 184–188, pp. 860–865; 52 C.J.S., Landlord and Tenant, § 443 (cc), page 156. The tenant and his invitee may have some knowledge of a defective or hazardous condition in the premises and nevertheless use it, providing due care is exercised in view of the hazard. Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; Coats v. Sandhofer, Mo.App., 248 S.W.2d 455; Hill v. Bilinsky, Mo. App., 61 S.W.2d 266; Bartlett v. Taylor, supra; O'Neill v. Sherrill, supra. In view of these rules and the facts and circumstances of this record instruction one was not prejudicially erroneous in failing to require the additional finding that plaintiff had no knowledge of the dangerous condition in time to have avoided injury to himself. Brewer v. Silverstein, supra; Long v. F. W. Woolworth Co., supra; Glaser v. Rothschild, supra.

Refused instruction H was upon the subject of the extent of an invitation and told the jury that if they found that the plaintiff "at the time and place mentioned in evidence did not have an invitation to visit any such portion of the premises where he claimed he was injured, and that plaintiff put his knee and hands on the railing in question and exerted undue pressure against such portion of the premises where he claimed he was injured (if you so find), then your verdict must be for the defendant Sadie Halliday." It is true that the defendant has the right to submit instructions hypothesizing defensive theories supported by her evidence, Root v. Quincy, O. & K. C. R. Co., 237 Mo. 640, 141 S.W. 610, but the subject of the plaintiff's contributory negligence in exerting pressure on the railing was fully covered by appellant's instruction E and it was not prejudicial error for the court to refuse another instruction concerning the same subject. Her liability was for negligence in connection with her control of a common passageway, 32 Am. Jur., Sec. 817, p. 695, there was no evidence that the plaintiff was not rightfully and properly upon the porch and, at least in the form offered, the court did not prejudicially err in refusing the instruction up-

518

on the subject of the extent of the invitation. Fox v. Missouri Jobbing House, Mo. App., 32 S.W.2d 130, 133–134; Graves v. May Department Stores Co., Mo.App., 153 S.W.2d 778; Winters v. Hassenbusch, Mo. App., 89 S.W.2d 546.

The appellant was not entitled to a directed verdict and there was no prejudicial error upon the trial of the cause, accordingly the judgment is affirmed.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

ᐧ The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., and BROADDUS and ANDERSON, Special Judges, concur.