**KROGER COMPANY, Appellant,**

v.

**Helen DOANE, Appellee.**

**No. 16401.**

United States Court of Appeals
Eighth Circuit.

June 28, 1960.

Blackmun, J., dissented.

1

**2**

Rex Titus, Joplin, Mo., filed brief, for appellant.

A. E. Spencer, Jr., Joplin, Mo., filed brief, for appellee.

Before SANBORN, MATTHES, and BLACKMUN, Circuit Judges.

MATTHES, Circuit Judge.

This is a diversity personal injury action in which plaintiff-appellee recovered a verdict and judgment. For convenience, we shall refer to the parties as they were designated in the trial court.

On this appeal, defendant does not challenge the sufficiency of the evidence to support the jury's verdict as to its negligence. In seeking a reversal and remand, defendant's sole contention is that the trial court committed prejudicial error in refusing to give to the jury its requested instruction which would have authorized a verdict for defendant upon a finding that plaintiff was guilty of negligence in certain particulars which contributed to cause her injury.[1] The record does not reveal whether Judge Ridge, of the Court below, predicated his refusal to give the proffered instruction on the ground that there was no evidentiary support for such an instruction, which is the only issue briefed by the parties here, or because the issue of contributory negligence was adequately covered in the instructions which were submitted to the jury. Although we are convinced that the judgment may be affirmed on the first alternative, and we shall direct our attention and consideration to that issue, it is also our opinion that no substantial rights of the defendant were affected by a failure to submit the issue through its requested instruction, and any error in that regard was harmless.[2] Rule 61,

---

[1] From the briefs of the parties, we are advised that in a former trial of this case, culminating in a verdict for the defendant, the trial court sustained plaintiff's motion for new trial because the question of contributory negligence had been "improperly submitted" to the jury. We attach no significance to this development, because the record of the prior proceeding is not before us and we are without knowledge as to the factual situation presented in that trial.

[2] Implicit in the jury verdict for plaintiff was a finding that she *was* exercising ordinary care. The instruction authorizing verdict for plaintiff included this requirement: "The first thing for you to determine is whether or not in taking that position (resting or leaning against the railing) she was in the exercise of ordinary care for her own safety."

Under the Missouri rule at the time of trial, when contributory negligence was affirmatively pleaded, and there was substantial evidence to support that defense, a verdict directing instruction for plaintiff which initially omitted a negation of this defense was error, unless defendant cured the error by submitting the defense in its instructions. An instruction requiring a finding that plaintiff was in the exercise of ordinary care for her own

Federal Rules of Civil Procedure, 28 U.S.C.A.

In our search of the record for evidence of negligence on the part of plaintiff which would support defendant's instruction, we now give attention to the established facts, which, essentially, are not in dispute.

On the morning of May 2, 1955, plaintiff, who intended to shop at one of defendant's stores, located on the Plaza, in Kansas City, Missouri, arrived at the premises before 9:30 a. m., which was the time the store was to open. There was a "Closed" sign hanging on the door. Set into a recessed portion of the building, the entrance door of the store faced east, the exit door faced south, and from photographs of the premises, it appears that these two doors were separated by only a few feet. The exit door, hinged on the east side, automatically opened when pressure was applied to a treadle located inside the store, immediately adjacent to the exit door. On either side of the exit door, outside the building, there were metal railings, each about 30″ high, 2½″ wide, and extending about 3′ out from the door when it was closed. Between these railings was another treadle, and if someone stood upon or applied pressure to this outside treadle, the exit door would not open.

When plaintiff reached the store on the morning of the accident, she positioned herself on the outside of the east railing, near the end, by leaning or partially sitting on the railing with her left foot resting on the ground and her right leg crossed over the left one. While in this position, with her back to the exit door, the door opened and struck her in the low back area, causing injury. It was shown that a salesman for a company which did business with defendant had signalled one of defendant's employees inside the store in order to gain admission, and the employee went to the exit door, stepped on the treadle, and thereby caused the door to open and strike plaintiff.

Prior to the occurrence in question, plaintiff had been to defendant's store on a number of occasions and she was acquainted with the operation of the exit or "out" door, but her knowledge of its operation was limited to times when the store was open for business. She had never previously been to the store before it was open for business, and she had never observed the exit door operating before the store opened.

Plaintiff admitted that she saw employees in the store when she arrived; however, she further testified that she observed another customer futilely try to gain entrance through the entrance door which was locked, and she did not see anyone working with the exit door, or trying to gain entrance through that door. Defendant formally admitted in the trial of the case that there was no warning, by sign or otherwise, advising the public that the exit, or "out" door would be in use prior to the opening of the store to the general public.

safety would be sufficient to negate this defense. See Joshmer v. Fred Weber Contractors, Inc., Mo.App., 294 S.W.2d 576, 585, 586, and cases cited.

Two recent cases have modified the Missouri rule, Shepard v. Harris, 329 S.W.2d 1, and Moore v. Ready Mixed Concrete Company, Mo.Sup., 329 S.W. 2d 14, both decisions by the Missouri Supreme Court, en Banc, decided November 12, 1959. Under the Shepard holding, a defendant who fails to submit the defense of contributory negligence abandons that defense, it no longer remains an issue in the case, and plaintiff's instruction may properly omit a negation of negligence. Under the Moore case, when a defendant submits an instruction on this defense, plaintiff's verdict directing instruction must affirmatively negate negligence. For discussion of the new Missouri rule, see Note, Vol. 5, No. 4, St.L.U.L.R. 599.

As to our view that defendant was not prejudiced by failure to submit its instruction, see and compare, Jenkins v. Wabash Railroad Company, Mo.Sup., 322 S.W.2d 788, 798–799; Coplen v. Zimmerman, Mo.Sup., 271 S.W.2d 513, at page 517; Ketcham v. Thomas, Mo.Sup., 283 S.W.2d 642, at page 647; and Elmore v. Kansas City, Mo.App., 333 S.W.2d 795, 797.

██ Plaintiff, as an invitee upon the premises of defendant, was required to exercise ordinary care for her own safety. The test to be applied in Missouri is "that of the ordinarily prudent person under like or similar circumstances." Blackwell v. J. J. Newberry Co., Mo.App., 156 S.W.2d 14, 18.[3] However, a necessary element of the defense of contributory negligence is proof of plaintiff's actual or constructive knowledge of the danger leading to her injury. In Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, at page 851, the Supreme Court of Missouri, after reviewing facts indicating that the injured person had extensive knowledge of the repaired door which caused his injury, quoted with approval 38 Am.Jur. Negligence § 188, as follows:

"'A plaintiff's knowledge of the physical characteristics of the offending instrumentality or condition does not, in itself, constitute contributory negligence. *A voluntary exposure to known danger* is an essential element of contributory negligence. Moreover, it is the appreciation of, or the opportunity to appreciate, the peril in an instrumentality or condition, rather than a knowledge of its physical characteristics, that bars a plaintiff of recovery for negligence. * * *.'" (Emphasis supplied).

See also, Coplen v. Zimmerman, Mo.Sup., 271 S.W.2d 513; 38 Am.Jur. Negligence § 184, and compare Schwartz v. S. S. Kresge Co., 238 Mo.App. 1165, 185 S.W. 2d 37.

██ Generally, the existence of contributory negligence on the part of the injured person is a question of fact, or a mixed question of law and fact, for the determination of the jury. However, depending upon the circumstances in each case, it may present a question of law for the Court. In 65 C.J.S. Negligence § 254, at pp. 1148–1152, the test is set out in this language:

"Where plaintiff has clearly and indisputably conformed, or failed to conform, to the standard of care fixed or defined by law or to the standard of prudence to which, judged in the light of common knowledge and experience, all persons similarly situated must conform, the question of contributory negligence becomes one of law for the court."

In 38 Am.Jur. Negligence § 348, the familiar rule is stated in these words, at p. 1054:

" * * * the courts can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a matter of law when the facts are indisputable and the inference therefrom is so certain that all reasonable men in the exercise of a fair and impartial judgment must agree upon it and draw the same conclusion from them * * *. Of course, where the evidence in a case fails to disclose negligence on the part of the plaintiff, it is entirely proper for the trial court to refuse to submit to the jury the issue of contributory negligence."

Missouri adheres to this rule. In Hamilton v. Ross, Mo.Sup., 304 S.W.2d 812, at page 815, the Missouri Supreme Court re-announced the test to be applied in determining the sufficiency of the evidence to take the question of negligence to the jury, and quoted with approval Rouchene v. Gamble Construction Co., 338 Mo. 123, 131, 89 S.W.2d 58, 61, as follows:

"'Negligence * * * depends upon surrounding circumstances, as well as upon the particular conduct involved, because an act or omission which would clearly be negligence under some circumstances might not be negligence under other circum-

---

3. Since the parties have proceeded on the theory that the question before us must be determined by Missouri law, we shall, for the purposes of this case, be guided accordingly.

stances and surroundings. Negligence is always a question for the jury " * * * where * * * different minds may reasonably draw different conclusions from" ' the facts."

The Missouri courts have also *refused* to instruct upon a defense of contributory negligence in the absence of substantial evidence to support such an instruction, thus ruling, in effect, that, as a matter of law, there was no contributory negligence on the part of the person seeking recovery. See Ketcham v. Thomas, Mo.Sup., 283 S.W.2d 642; and compare, Wiseman v. Jackson, Mo.App., 309 S.W.2d 356; Jenkins v. Wabash Railroad Company, Mo.Sup., 322 S.W.2d 788, 798–799; and Coplen v. Zimmerman, Mo. Sup., 271 S.W.2d 513, 517. In Ketcham v. Thomas, supra, the Court ruled upon the contention that error was committed because the trial court refused to submit the question of the negligence of plaintiff, who was a guest passenger in defendant's automobile. After an exhaustive review of the evidence and the applicable law, the Court concluded, 283 S.W.2d loc. cit. 647:

"There was no substantial evidence of a visible lack of caution on the part of [plaintiff's driver, a defendant] that was or should have been apparent to the plaintiff in exercise of ordinary care. Therefore, there was no duty on her part to maintain a lookout for dangers. The dangerous situation was neither known nor reasonably manifest to plaintiff, so there was no substantial evidence of contributory negligence on her part. The instructions were properly refused * * *. We have previously determined that there was no substantial evidence from which reasonable persons might conclude that plaintiff, under the facts and circumstances in this case, did not exercise ordinary care."

Since there is no real disagreement as to the legal tests to be applied, we shall not burden this opinion with further citations of authorities which only reiterate these rules. It is apparent that we have for resolution only the narrow question of whether there was substantial evidence which would cause reasonable men to differ as to whether, under the existing circumstances and surroundings, plaintiff knowingly placed herself in peril, thus failing to exercise ordinary care for her own safety. If it can be said that plaintiff's knowledge of the operation of the exit door during store hours, together with knowledge that employees were within the store, was sufficient to put her on notice that the exit door was likely to be opened in a negligent manner for the purpose of permitting *entrance* to the store, *before* it was open for business, then of course the jury, as triers of the facts, should have been permitted to determine whether plaintiff exercised ordinary care for her own safety in positioning herself outside the exit railing under these circumstances.

■ It must be kept in mind that there is not a scintilla of evidence that plaintiff had *actual* knowledge that the exit door had been used on any prior occasion for either exit or entrance purposes prior to business hours. There was no evidence that plaintiff had any knowledge of the salesman's attempt to enter the store, nor any other reason to apprehend that the door would open prior to the opening hour posted on the entrance door. In fact, under the instructions given, the jury verdict was based upon a finding that plaintiff was oblivious to her danger, and that defendant's employee failed to warn her before opening the door. In Missouri, the rule is firmly established that "(o)ne need not look for danger when there is no reason to apprehend any," Sears, Roebuck & Co. v. Scroggins, 8 Cir., 140 F.2d 718, 723, nor was plaintiff required to anticipate the negligence of defendant's employee. Hathaway v. Evans, Mo.App., 235 S.W.2d 407, 411. See also, Romandel v. Kansas City Public Service Co., Mo.Sup., 254 S.W.2d 585, 591; Ketcham v. Thomas, Mo.Sup., 283 S.W.2d 642.

The very real problem here is to properly interpret plaintiff's actions in the light of the circumstances and surroundings which existed at the time of her injury, and to translate these facts in terms of Missouri law. In our review of Missouri cases, it is very clear that each decision rests upon its own facts, and no clear-cut definitive boundaries may be found. See Hathaway v. Evans, Mo.App., 235 S.W.2d 407, 412–413. In the great majority of cases, it appears that the issue arose by way of defendant's contention on appeal, after verdict rendered upon instructions which *included* the defense, that the facts indicated that plaintiff was guilty of contributory negligence as a matter of law. More infrequently do we find cases which rule, as a matter of law, that plaintiff was *not* guilty of contributory negligence. Aside from cases holding generally that there must be evidence to support a requested instruction, the Ketcham case, supra, nearest approaches our facts in holding that it was not error, not to instruct on this defense. There the Court held that the fact that plaintiff knew defendant driver had attended a party where intoxicating drinks were served, together with the reasonable inference that she knew under the circumstances he probably took a drink, did not constitute "substantial evidence of a 'visible lack of caution' on the part of her [driver] that would give rise to a duty on the part of plaintiff to maintain a lookout." 283 S.W.2d 642, at page 646. In the recent case of Jenkins v. Wabash Railroad Company, Mo. Sup., 322 S.W.2d 788, 798–799, the Court held that there was no prejudicial error by reason of plaintiff's instruction which failed to negate the defense, because there was "no substantial evidence" to support it, citing the Ketcham case. In Coplen v. Zimmerman, Mo.Sup., 271 S.W.2d 513, 517, the Court upheld plaintiff's instruction which failed to require a finding that plaintiff lacked knowledge of the danger of a faulty railing, inasmuch as there was no proof of such knowledge. The Court further observed that plaintiff's instruction *did require* a finding that he was "exercising ordinary care for his own safety," and under these circumstances, "it would appear unreasonable to say that the instruction was prejudicially erroneous. * * *."

In viewing the refusal of the trial court to submit defendant's requested instruction as being a ruling of law, we have exercised our independent judgment on this appeal. United States v. Hoper, 7 Cir., 242 F.2d 468, 471. However, the conclusion of the trial judge regarding a question of local law is entitled to great weight, and we will not adopt a contrary view unless we are convinced of error. Russell v. Turner, 8 Cir., 148 F.2d 562, 564. We are not clearly convinced that a Missouri court, upon this record, would find such sufficient probative evidence of plaintiff's failure to exercise ordinary care for her own safety, as to deem erroneous the failure to submit defendant's instruction. Under this circumstance, we must conclude that the trial court reached a permissible conclusion upon a question of local law.

The judgment is

Affirmed.

BLACKMUN, Circuit Judge (dissenting).

I, of course, have no quarrel with the propositions of general law and of Missouri law set forth in some detail in the majority opinion. I am troubled, however, by the application of those propositions to the facts of this case, and I note that the opinion itself necessarily recognizes that the Missouri cases make it "very clear that each decision rests upon its own facts, and no clear-cut definitive boundaries may be found."

This plaintiff, an adult and mature woman, within a few minutes (according to her own testimony) of the store's announced 9:30 a. m. opening time known to her, was sitting upon or leaning against a narrow protective railing, obviously never intended as a seat or leaning place, with a portion of the back side of her body protruding 4 or 5 inches over the railing and into the exit path-

way. Her legs were crossed and only one foot was on the ground supporting her weight. As thus precariously posed on her perch, this plaintiff faced away from the entrance door which she knew was locked and also faced away from the exit door at a time when she knew people were within the store, when she knew the store was about to open, and when she knew (due to her having been at the store on numerous prior occasions during its business hours and due to her being "well acquainted with the operation of" the door) that the door, if opened for either exit or entrance, would strike her.

These facts, it seems to me, do not fit the usual pattern which exists when courts have determined that reasonable persons would be compelled to reach the same conclusion and that the plaintiff as a matter of law must be held not contributorily negligent. I therefore feel that the issue of this plaintiff's contributory negligence was one which the defendant was entitled to have passed upon by the jury.

Neither am I convinced that the trial court's very brief reference in its instructions about the plaintiff's exercise of ordinary care cured any error in its refusal to give the defendant's requested instruction. The court's entire statement as to this was:

"The first thing for you to determine is whether or not in taking that position she was in the exercise of ordinary care for her own safety, there wasn't anything particularly dangerous about that situation as she positioned herself."

I would suppose that the last phrase completely nullified whatever mild force may have been contained in the first phrase and that the result of the comment, taken as a whole, was that the issue of plaintiff's being "in the exercise of ordinary care for her own safety" was not at all before the jury.

I would reverse.