BEN O. WEATHERLY v. J. H. RABE, JR., Appellant.—66 S. W. (2d) 545.

Division One, December 22, 1933.

592

*Green, Henry & Remmers* for appellant.

*Bryan, Williams, Cave & McPheeters* and *Wilton D. Chapman* for respondent.

GANTT, J.—Action to recover damages for personal injuries sustained by plaintiff while riding as a guest in an automobile driven by defendant. Judgment for $9000, and defendant appealed. The death of defendant was suggested pending appeal and cause revived in the name of Mary J. Rabe and Mercantile Commerce Bank & Trust Company, executrix and executor.

In substance, the petition alleged negligence as follows: (a) Excessive and dangerous rate of speed of the automobile; (b) failure to remove ice and sleet from the windshield that the view of the driver might not be obstructed and the automobile driven with safety; (c) turning the front wheels of the automobile southwardly when defendant knew, or by the exercise of the highest degree of care could have known, that so turning said wheels would cause the automobile to collide with an automobile parked on the south side of the street and thereby injure plaintiff.

Defendants contend that assignment "c" was an attempt to charge negligence under the humanitarian rule. We do not think so. Fairly considered, said assignment charged that defendant negligently turned the front wheels of the automobile southwardly and collided with the parked car, thereby causing plaintiff's injuries.

The answer was a general denial with a plea that plaintiff, while seated on the front seat of the moving automobile, contributed to cause his injury by opening the door of the automobile and riding with his foot on the running board. The reply was a general denial.

Plaintiff is charged with contributory negligence as a matter of law. There was evidence tending to show the following:

J. H. Rabe, Jr., plaintiff Ben O. Weatherly, and Wm. Schwab were employees of the Rice-Stix Dry Goods Company in the city of St. Louis. Rabe was general sales manager, plaintiff a division sales manager, and Schwab a salesman for said company. Plaintiff had been invited by Rabe to attend a dinner party at Rabe's home in St. Louis County on January 14, 1929. At six P. M., on that day he and Rabe left the business section of the city in an automobile, for Rabe's home. The car was driven by Rabe. They were accompanied by Schwab, who occupied the front seat with Rabe. Plaintiff was in the rear seat. At the time they left the business section the weather was not unusual. However, as the automobile moved westward conditions changed and at Grand Avenue (some distance from the business section) it was snowing and sleeting, which caused ice to cover the windshield. The wiper would not remove the ice. Even so, they continued westward at twenty to twenty-five miles an hour to Clara Street, where Schwab left the car for his home. In the meantime the car had been stopped several times between Grand Avenue and Clara Street and the ice removed from the shield by

Schwab. He also removed the ice from the shield at Clara Street. On Schwab leaving the car, plaintiff occupied the front seat with Rabe. The upper part of the windshield was slightly raised, the window on the left of Rabe was open, and the window on the right of plaintiff was halfway open. As they proceeded westward at twenty to twenty-five miles per hour, sleet was freezing on the windshield. Plaintiff suggested that he should stop at his home to change clothes and continue to Rabe's home in a taxicab. Rabe answered: "We are already late and you can clean up at my home." At the time they turned westward onto Wydown Avenue it was dark, and ice covered the shield. Rabe could see only the curbing and outline of the street. He could not see the surface of the street. He could see parked cars on the south side of the street and in front of the moving automobile through the small opening in the windshield. The street inclined toward the west. Its surface was covered with small pebbles of ice which afforded traction and enabled Rabe to control the car. The ice had not been removed from the shield since leaving Clara Street. Plaintiff suggested that it should be removed. Rabe answered: "The old car knows its way home; we can get home all right." He had been driving a car over this street to his home for seven years. Plaintiff told Rabe that cars were passing and cautioned him to be careful. He asked him to reduce the speed. It continued at twenty-five to thirty miles per hour. Thereupon plaintiff, being unable to see through the windshield, opened the door of the car and placed his foot on the running board that he might see through the half open window of the door. He continued in this position for about two blocks. The car then ran upon a westward incline of the street from which the wind had blown the ice pebbles, leaving a smooth ice covered surface. This caused the car to veer. Thereupon Rabe sharply turned the front wheels of the car to the south and drove between a tree near the south curbing and a parked car. In so driving, the right side of Rabe's car collided with the left side of the parked car, thereby causing the open door to close and crush plaintiff's right leg. He fell from the car to the sidewalk when the door flew open after passing the parked car.

Under this evidence we think the jury could find that plaintiff did not voluntarily assume a position of danger. They could find that he opened the door and placed his foot on the running board in an effort to see and warn Rabe of danger. They could also find that the conditions justified him in assuming said position in and on the automobile.

Defendants cite case on the question as follows: Smith v. Ozark, Water Co., 238 S. W. 573; Rogers v. Packing Co., 170 S. W. 675; Sanford v. Gideon, 31 S. W. (2d) 580; Nivert v. Railroad, 232 Mo. 626, 1. c. 643, 135 S. W. 33; Shoemaker v. Havey, 291 Pa. 30, 61 A. L. R. 1241; Guilfoile v. Smith, 116 Atl. 237; Harding v. Transit Co., 217 Pa. 72; Bonanomi v. Purcell, 287 Mo. 436, 230 S. W. 120.

· In those cases the rulings that the plaintiffs were guilty of contributory negligence as a matter of law were based on facts altogether different from the facts in the instant case. It follows that the demurrer was well ruled.

Defendants next contend that it was error to submit the case to the jury without instructions on the negligence pleaded in the petition. Plaintiff only requested an instruction on the measure of damages, which was given. In other words, no instruction was given advising the jury as to plaintiff's theory of his right to recover damages under the negligence charged in the petition. The record discloses no objection to the failure of the court to so instruct the jury. It follows that the question is not for consideration. [Iman v. Walter Freund Bread Co., 332 Mo. 461, 58 S. W. (2d) 477, l. c. 478; Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S. W. (2d) 654, l. c. 659.]

The judgment should be affirmed. It is so ordered. All concur.