RHEA SCHWARTZ, v. S. S. KRESGE COMPANY, A CORPORATION, AND
DANIEL K. PATRICK.—185 S. W. (2d) 37.

Kansas City Court of Appeals.   December 4, 1944.

*Stanley Garrity, John W. Oliver* and *Caldwell, Downing, Noble &
Garrity* for appellants.

*Homer A. Cope, Cope & Hadsell* and *Walter A. Raymond* for respondent.

CAVE, J.—This case comes to the writer after motion for rehearing was sustained. Sperry, Commissioner, prepared the original opinion of this court, and, after a careful reexamination of the whole record, the writer concludes that the same result must be reached as was reached in Commissioner Sperry's opinion, so we adopt the quoted part of that opinion.

"Rhea Schwartz, plaintiff, sued S. S. Kresge Company, a corporation, and Daniel K. Patrick, its manager, defendants, for damages suffered by her when she was injured by a fall in defendants' store. Plaintiff had a verdict and judgment and defendants appeal.

"The material facts in evidence, stated from the viewpoint most favorable to plaintiff's theory of her right to recover damages, are as follows:

"Plaintiff testified that she entered defendants' store on its 12th Street level and, while eating a sandwich at the lunch counter therein, observed a porter who was sweeping and cleaning the flight of steps leading from the Main Street floor level to the 12th Street level; that she was facing said flight of stair steps and that she observed that all

of said steps were littered with a large number of small reddish or blue colored pebbles, such as are commonly sold for use in the bottom of gold fish bowls; that a porter was sweeping these pebbles from the steps of the stairs into a container but that he had not yet finished their removal when she left the lunch counter and proceeded to the basement of the store, one floor down; that after she completed her mission in the basement she walked up to the Main Street floor of the store but, in doing so, did not traverse the stair steps first mentioned, nor did she see them; that after spending some time in the Main Street floor of the store, and some thirty to forty-five minutes after she first entered the store, she returned to the 12th Street level; that she descended the flight of stair steps first mentioned; that before beginning the descent she looked at the stairs and they appeared to be clear and clean; that she began the descent, not watching her feet but looking ahead in the direction she was proceeding; that when she planted her left foot on or about the third step from the top, her right foot then being on the step above, the ball of her left foot came down on a hard object which was on the stair step; that the object rolled or slid on the step, causing her left foot to slide; that by reason thereof she completely lost her balance and fell down the remainder of the steps to the floor below, being thereby injured.

"Plaintiff further testified that the object she stepped on was a small pebble similar to those which she had previously seen the porter removing from the steps; and that after she had composed herself, following the fall, she ascended the steps with the assistance of two of defendants' employees and saw a number of the previously mentioned pebbles on the step from which she fell, one of which was picked up by an employee of defendants and three more of which were later secured by plaintiff's brother, which latter were introduced in evidence. One of the pebbles in evidence was about $\frac{3}{8}$ inch x $\frac{1}{4}$ inch x $\frac{1}{4}$ inch. It was virtually flat on one side, and it was otherwise irregular in shape.

"Defendants raise no question concerning the amount of the judgment. They contend that a submissible case was not made because plaintiff's evidence failed to prove that defendants were guilty of any negligence, for two reasons, to-wit: 1, the object which caused plaintiff's fall is not one which can, under the law, be considered as constituting an unreasonable risk, or as endangering the safety of defendants' invitees so as to render them liable for plaintiff's injuries; and, 2, if defendants did create, or permit, a dangerous condition, so as to render them liable therefor in an action for plaintiff's negligent injury, yet they are not liable to plaintiff in this case because she had such knowledge of the condition of defendants' store as to discharge any duty they owed her. If defendants are correct as to either of the above contentions the judgment should be reversed. [Stoll v. First National Bank of Independence (K. C.), 132 S. W. (2d) 676, l. c. 678;

Stoll v. First National Bank of Independence (Sup.), 134 S. W. (2d) 97; 2 Restatement Law of Torts, section 343; Hudson v. Kansas City Baseball Club, 164 S. W. (2d) 318, 1. c. 321.]

"Defendants, after referring to a number of cases wherein liability was held in cases of the class here under consideration, say: "The test, however, underlying each of these cases is whether or not the defendant as a reasonable man may be said to be able to forsee that such a condition is likely to cause an accident." With defendants' conclusion in that regard we are in accord. Applying it to the instant case whether or not the condition here shown constitutes grounds for actionable negligence depends upon whether or not defendants, as reasonable persons, "should have foreseen that some one might sustain an injury as plaintiff did in this case." [Mann v. Pulliam, 345 Mo. 543, 127 S. W. (2d) 426, 1. c. 427.]

"Defendants contend that, since the pebbles were small and the steps were of safety tread composition no reasonable person could have anticipated that plaintiff would be injured thereby. While defendants' evidence tends to prove that the steps were of composition which "we used to call a safety tread," the same witness also testified that the steps were very hard. They cite and rely for support on [Wentz v. J. J. Newberry Company, 273 N. Y. S. 449.] There plaintiff slipped and fell on two or three small rubber bands lying on the floor. The court held that defendant was not liable and pointed out that the rubber bands were of the same material of which safety mats, designed to prevent slipping, are made. The fall in this case was caused by an entirely different substance.

"They also cite [Lewis-Kures v. Edward R. Walsh and Company, 102 F. (2d) 42, and the same case on *certiorari*, 308 U. S. 596.] In that case the court held that there was no liability because the danger was obvious and was, in fact, seen by plaintiff. The case is not in point on the question now being considered.

"We think the question of liability of defendants on account of the nature and extent of the risk involved was one for the jury. In Seigel v. Kroger Grocery and Baking Company, 164 S. W. (2d) 645, 1. c. 647, the St. Louis Court said: "The important thing is that reasonable minds might differ as to whether defendant had observed the proper standards of care in leaving the basket where it did, which is merely to say that the question of defendant's negligence is ultimately one for a jury, and not to be ruled and determined as only a matter of law." [Blackwell v. J. J. Newberry Company (Mo. App.), 156 S. W. (2d) 14.] We cannot say that reasonable minds must reach but one conclusion in regard to the facts herein. Consequently defendants' first contention must be ruled against them.

"Defendants' next contention is that they breached no duty owed plaintiff because plaintiff had knowledge of the dangerous condition which caused her injury. If she did have such knowledge, then de-

fendants are not liable. [Paubel 3 Hitz, 339 Mo. 274, 96 S. W. (2d) 369; Stoll v. First National Bank of Independence, 132 S. W. (2d) 676.]

"It is argued that plaintiff saw the pebbles on the stairs and left at a time when she saw a porter in the act of sweeping them up; that when she left the scene she had full knowledge of the condition that existed and knew that it had not been corrected. They say that when she started to descend the same flight of stairs, some 45 minutes later, and without having seen them again in the meantime, she is bound to have known that a dangerous condition existed just as fully as if defendants' agents had warned her of it and told her to beware. They say that the pebbles were in plain sight and should have been seen if she had looked but that she merely "glanced" at the stairs before she began the descent. They liken this case to that of Murray v. Ralph D'Oench, Company, 347 Mo. 365, 147 S. W. (2d) 623, where plaintiff was warned, when she entered the premises, that a spot on the floor was being cleaned. The premises were poorly lighted but she saw the spot. Ten minutes thereafter plaintiff again had occasion to pass over or near the spot which had been cleaned and, in doing so, "merely glanced" at the floor, noticed nothing unusual, and went on. She fell and was injured. The court held that plaintiff had full knowledge of the dangerous condition, both by having been warned and by having seen it; that ten minutes later she attempted to walk over the spot, in a poor light and, "merely glanced" at the floor; that she clearly either forgot or disregarded the warning, and denied recovery.

"It was urged by plaintiff in that case that the condition had changed and worsened between the time plaintiff learned of it and the time when she fell. The court, in the opinion, discussed the natural consequences of cleaning a linoleum floor with water, how the water spreads and the time it takes for the floor to dry, and stated that everyone is bound to know about such a simple process and what is involved. It was held that she was bound by her knowledge of the dangerous condition.

"In the case at bar 30 to 45 minutes elapsed between the time plaintiff saw the dangerous condition of the stairs, when same was being corrected by a porter, and the time when she fell. The nature of the dangerous condition in the two cases is apparent, as well as the time necessary for their correction. Plaintiff, in the case at bar, did not "merely glance" at the steps, but testified repeatedly, on cross examination, that she looked at the stairs, the light being good, and saw nothing on them. We cannot say that to look was to see the pebbles, because plaintiff was looking from the top and they might have been invisible to her because of the risers. Nor can it be said, as a matter of law, that a dangerous condition, such as plaintiff saw 45 minutes before she fell, charged her with full knowledge of such a condition when she later looked at the stairs and saw no danger nor

any sign that such dangerous condition continued to exist. On demurrer we think her testimony is entitled to be viewed in the light that she looked carefully and that the danger was not obvious to her. "There is no exact test or formula by which may be determined whether or not a condition is so open and obvious that one is bound to see it. Each case must depend on its own facts and circumstances." [Blackwell v. J. J. Newberry Company, 156 S. W. (2d) 14; Summa v. Morgan Real Estate Co., 165 S. W. (2d) 390, l. cfl 393.] Even thought she did, at one time, have full knowledge of a dangerous condition, that knowledge cannot, as a matter of law, preclude recovery for a fall which occurred 45 minutes later and after she had looked at the steps and saw no danger. The question of whether or not she had knowledge of the danger was one for the jury under the circumstances shown of record in this case.

"Defendants contend that plaintiff's instruction 1, which submits the whole case and directs a verdict, is fatally erroneous because it fails to require the jury to find that plaintiff had no knowledge of the dangerous condition complained of. This contention must be sustained. The Supreme Court, in Stoll v. First Natoinal Bank of Independence, *supra*, l. c. 100, held that an invitor is liable for injuries sustained by invitees when caused by an unsafe condition "which is known to him and not to them." All authorities hold that if an invitee is adequately warned, or if he sees or knows of the danger, he cannot recover. We have held, *supra*, that whether or not the dangerous condition was so obvious that plaintiff should have seen it was question for the jury. Ignorance of the danger was an essential element of plaintiff's case but her main instruction directs a verdict for her regardless of her knowledge of the condition which caused her injuries."

All the authorities hold that an instruction which submits the whole case and directs a verdict for plaintiff is erroneous, and is reversible error, if it fails to contain all of the elements of plaintiff's cause of action. For Missouri authorities see Raymond 1, Missouri Instructions, sec. 93, p. 76. For authorities supporting the proposition that plaintiff's ignorance of the danger was an essential element of her case, see Sec. 343 of Restatement of Torts, p. 938; [Devine v. Kroger Grocery & Baking Company, 349 Mo. 621, 162 S. W. (2d) 813; Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S. W. (2d) 318.] These and other cases hold to the effect that an invitor is liable for injuries sustained by an invitee when caused by an unsafe condition on the premises, if the invitor, among other things, *has actual or constructive notice of the dangerous condition and fails to remedy the unsafe condition or to give adequate warning to the invitee*. It is the breach of this duty that makes him liable. If the invitee had knowledge of the dangerous condition or if the evidence makes it a question of fact as to whether such invitee had such knowledge, then an oral

or some other method of warning is not necessary in order to relieve the invitor of liability. [Summa v. Morgan Real Estate Company (Mo. Sup.), 165 S. W. (2d) 390; Paubel v. Hitz, 339 Mo. 274, 96 S. W. (2d) 369.]

The plaintiff argues that when she saw the danger and saw the employee removing the pebbles, she had the right to assume that he would not be negligent in doing so. That is not the theory of the case pleaded, proved or submitted by instruction 1. She cites and relies on the case of Bartlett v. Taylor, 174 S. W. (2d) 844. We do not consider that case in point on the matter now under consideration. There the landlord had voluntarily undertaken to repair a door for a tenant and did so in a negligent manner. That is not the theory of liability in the instant case. Landlord and Tenant Cases are of little value in deciding the liability of an invitor to an invitee. (See sec. 360 of Restatement of Torts, p. 976.)

Plaintiff also contends that to hold lack of knowledge is an essential element of plaintiff's case, would be in conflict with the holding of this court in Burnison v. Souders, 35 S. W. (2d) 619, and Kellogg v. H. D. Lee Mercantile Co., 160 S. W. (2d) 838. The effect of our holding in those cases is that the facts would not justify us in *declaring as a matter of law* that the plaintiff had knowledge of the dangerous condition. That is precisely what we hold in this case.

Plaintiff also argues that it was not necessary for plaintiff's instruction to negative her contributory neglgience, as that was an affirmative defense with the burden on defendants. We need not decide whether it was necessary for plaintiff's instruction to negative contributory negligence because that is not the question under consideration. What we do hold is that it was necessary for plaintiff, as an essential part of her case, to prove and submit the proposition that she had no knowledge of the existence of the danger and that defendants breached their duty by not warning her of it.

Plaintiff relies on Newberry v. City of St. Louis, 335 Mo. 1, 70 S. W. (2d) 546. That is a public sidewalk case, and in Paubel v, Hitz, supra, the Supreme Court held (373) : "Cases involving injuries arising from defective conditions of sidewalks or other public thoroughfares are distinguishable from those involving injuries arising from defective conditions on private property, . . ." The Newberry case is not controlling.

From what we have said, it follows that instruction 1 is erroneous. the judgment should be reversed and the cause remanded. It is so ordered. *Cave, J.*, concurs.