248 S.W.2d 455 (1952)
COATS
v.
SANDHOFER.
No. 21658.
Kansas City Court of Appeals. Missouri.
April 7, 1952.
*456 Rufus Burrus, James L. Gillham, Independence, for appellant.
C. R. Leslie, Independence, Arthur C. Popham, Sam Mandell, Kansas City, for respondent.
CAVE, Judge.
The defendant appeals from a judgment of $3,000 rendered against her for personal injuries sustained by plaintiff because of a fall on a board walk provided by defendant for common use by the tenants of a certain building owned by defendant.
The petition alleged that plaintiff was one of three tenants living in an apartment building owned and controlled by the defendant; that the defendant had carelessly and negligently failed to maintain properly a certain board walk leading from a concrete porch at the rear of her apartment; that it was commonly used by all of the tenants in said building; that the same had become badly worn, rotten, decayed and soft, and constituted a dangerous hazard; and that defendant knew of such condition in time to have remedied the same, but negligently failed to do so. The answer consisted of a general denial and an allegation that plaintiff's negligence was the sole cause of the injury.
A jury was waived and the cause tried before the court. Under these circumstances, we will review the case upon both the law and the evidence as in suits of an equitable nature. The judgment will not be set aside unless clearly erroneous, and due regard will be given to the opportunity of the trial court to judge of the credibility of the witnesses. The court's finding on issues of fact will not be disturbed by this court unless clearly erroneous. Cosentino v. Heffelfinger, 360 Mo. 535, 229 S.W.2d 546, 549; In re Diehl's Estate, Mo.App., 239 S.W.2d 523, 526.
The defendant urges on this appeal that (a) the court erred in finding that the board walk was dangerously defective and not reasonably safe; (b) erred in not finding that plaintiff's negligence was the sole cause of her injuries; and (c) erred in not finding that she was guilty of contributory negligence, as a matter of law.
The record discloses that defendant owned a two-story apartment building located in Independence, Missouri; that she rented one of the apartments to the plaintiff and her husband in March, 1949; that the apartment consisted of 3 rooms and was situated in the rear of the building; that the entrance was by way of a door from a concrete porch, without roof or railing; that the floor of the porch was about 1 foot above ground level; that there was a bathroom located on the south side of the building which was used in common by all the tenants; that there was a plankway extending from the south edge of the porch approximately 4 feet, at which point it connected with another plankway parallel to the south side of the house and leading to the bathroom; that the plankway was used by all the tenants in going to and from the bathroom. Originally the plankway leading from the porch consisted of 2 boards, each approximately 7 inches wide, placed side by side on the ground, but at the time of the accident one of the boards was, for all practicable purposes, rotted away and most of it had been removed by defendant's agent. The remaining board was only 6½ inches wide, was rotten, soft and spongy for about 11 inches from the end next to the porch, and at the time of the accident was somewhat submerged in mud. It is filed in this court as an exhibit, and we have inspected it. On December 30, 1949, at about 7:00 a. m., plaintiff, enroute to the bathroom, walked from her apartment onto the concrete porch and stepped from the porch onto the above described board, and the heel of her shoe *457 became embedded in the decayed portion of the board, which caused her to fall and received the injuries complained of.
In describing the board and the cause of her fall, plaintiff testified:
"Q. Did you think it was dangerous? A. Well, naturally, a place like that you always try to be careful. * * *
"Q. Was it slippery? A. Yes, it would be; naturally, that time of year there is naturally dampness. * * *
"Q. * * * there was plenty of light for you to see from the street light? A. Yes. * * *
"Q. But as you came off with your left foot you intended to get over on the solid part of the board, you didn't intend to step on that (the decayed part) ? A. No.
"Q. You intended to slip clear over on the solid part? A. Yes.
"Q. And you missed your step in some way and didn't get over that far? A. I didn't get over as far as I had been getting over in stepping down there. * * *
"Q. You didn't step off sideways? A. No, I just stepped off with my left foot like anybody would ordinarily step off. I knew that that bad place was there and I have always used precaution there about that bad place, so I didn't intend to step on that, but I hit that soft place and turned my ankle. * * *
"Q. You intended to step over on the good part of the board? A. Yes.
"Q. But you missed your step in some fashion, and your ankle turned, you say? A. Yes, there was a bad soft place right here at the edge of the board. * * *
"Q. Did the ball of your foot step on the solid part of the board? A. Yes, it seemed like my heel got in the soft part and turned my heel.
"Q. You were partly on the solid part with the ball of your foot, but the heel was in the soft portion? A. Yes, that soft place there was rotted.
"Q. You say you knew the condition of the board and had known it for some time? A. Yes, I knew I had to use precaution.
"Q. You knew you had to be careful about it? A. I tried to be careful.
"Q. You knew it was a dangerous place, as you told Mr. Etheridge (defendant's agent) ? A. Yes, there was a possibility.
"Q. There wasn't anything you didn't know about it that anybody else would have known about it? A. No.
"Q. It was open and obvious to you? A. Yes, certainly.
"Q. And in plain view to you? A. Yes, and we had spoken to him about it. I wouldn't have spoken to him about it if I hadn't known it was bad."
Plaintiff's husband testified that he had notified the defendant and her agent of the defective condition of the walk two or three months before plaintiff was injured.
Defendant consedes that, under the facts in this case, it was her duty to keep the plankway "in a reasonably safe condition". Morelock v. De Graw, 234 Mo. App. 303, 112 S.W.2d 126, 130, 131; Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A. L.R. 1263; Brewer v. Silverstein, Mo.Sup., 64 S.W.2d 289. Her contention is that the evidence does not show that the condition was dangerous and unsafe. We cannot agree. Without rehashing the evidence, we have no hesitancy in holding that the trial court's finding that the board was dangerous and unsafe, is supported by substantial evidence.
Defendant next argues that plaintiff's injuries resulted from her sole negligence in that she knew the dangerous condition of the plank and did not step as far as she intended to. There is no authority cited to support this argument and we find none. We think this is a fact to be taken into consideration in deciding defendant's principal contention that plaintiff was guilty of contributory negligence, as a matter of law. While contributory negligence was not pleaded, nevertheless it has been uniformly *458 held that if a plaintiff's own evidence shows her guilty of contributory negligence, then she destroys her own cause of action and cannot recover even though defendant has not pleaded such defense. Hale v. Kansas City, 239 Mo.App. 12, 187 S.W.2d 31, 38; Lanio v. Kansas City Public Service Co., Mo.Sup., 162 S.W.2d 862, 868.
The argument that plaintiff was guilty of contributory negligence, as a matter of law, is based on the contention that the board was obviously dangerous and unsafe; that she knew it, but nevertheless chose to use that approach to the bathroom; and that she did not use due care in placing her foot on the board. However, the fact that the board was unsafe, and that she knew it, did not necessarily warrant the court in finding that plaintiff was contributorily negligent, as a matter of law. The rule controlling in such a situation is clearly stated in Fabel v. Boehmer Realty Co., Mo.App., 227 S.W. 858, 859, wherein the court said: "The mere fact alone, however, that the tenant is aware of the defective condition of the portion of the premises which it is the duty of the landlord to repair does not, as a matter of law, make it contributory negligence to continue to use the same if it reasonably appears that he might safely do so with the exercise of care, so that, if a tenant is injured under such circumstances, the question of contributory negligence should be submitted to the jury." Again, in Brewer v. Silverstein, Mo.Sup., supra, the court said 64 S.W.2d 291: "Although plaintiff knew the step was defective, yet, if she reasonably believed she could, with care, safely go upon it, her knowledge of its defective condition did not require her to desist from using it nor render the careful use thereof negligence on her part. * * * Under the evidence she may reasonably have believed that by exercising care she could safely use it as she and the other tenants had been doing for some time." See, also, Roman v. King, supra; Heberling v. City of Warrensburg, 204 Mo. 604, 103 S.W. 36; Bartlett v. Taylor, 351 Mo. 1060, 174 S.W.2d 844, 850. In the last cited case it is said, 174 S.W.2d 850: " * * * Though he may or should have some knowledge of the defective condition and repairs and should, therefore, have some apprehension of the hazard of using the door, yet he is not guilty of contributory negligence as a matter of law unless it can be said `that no reasonably prudent person would have done as he did under the circumstances.' Cento v. Security Bldg. Co., Mo.Sup., 99 S.W.2d 1, 6."
There is no exact test or formula by which it may be determined whether a condition is so open, obvious and dangerous that one is bound to see it. Each case must depend on its own facts and circumstances. Schwartz v. S. S. Kresge Co., 238 Mo.App. 1165, 185 S.W.2d 37, 39; Summa v. Morgan Real Estate Co., 350 Mo. 205, 165 S.W.2d 390, 393.
It is also the law that in determining whether plaintiff was guilty of contributory negligence, as a matter of law, the whole evidence must be viewed most favorably to her. Cento v. Security Bldg. Co., supra; Hale v. Kansas City, supra.
We do not believe the evidence would justify the court in finding that plaintiff was guilty of contributory negligence, as a matter of law. It cannot be said that the step was so glaringly dangerous that no reasonably prudent person would attempt to use it. Nor can it be said, as a matter of law, that plaintiff did not exercise ordinary care in attempting to use it. She testified that she knew it was necessary to be careful; that she was trying to be careful; that she looked where she was stepping and attempted to place her foot beyond the soft part of the board, but did not quite do so. It is true that she did not accurately measure the extent of the decay but, from our examination of the board, it is apparent that the worst part of the decay was underneath the board and the extent thereof was not so easily detected as if it had been on the reverse side. Under the circumstances, her misjudging of the extent of the decay would not convict her of contributory negligence, as a matter of law. It would be a fact to be taken into consideration in the submission of the issue of contributory negligence if the pleadings warranted such submission.
*459 It is next contended that plaintiff cannot recover because she had two means of access to the "bathroom," one of which was safe and the other of which was unsafe, and that she chose the unsafe approach, and was therefore guilty of contributory negligence, as a matter of law. This general principle of law is sometimes applied to a given set of facts. Rogers v. Tegarden Packing Co., 185 Mo.App. 99, 109, 170 S.W. 675; Smith v. Ozark Water Mills Co., 215 Mo.App. 129, 238 S.W. 573, 575; Fabel v. Boehmer Realty Co., supra. However, before this rule is applicable, it must clearly appear from the evidence that the plaintiff voluntarily pursued the dangerous course. Weatherly v. Rabe, 334 Mo. 591, 595, 66 S.W.2d 545. The evidence on this point is that there was a door leading from one of the bedrooms of plaintiff's apartment into the bathroom. However, she testified that her unmarried son slept in that bedroom; that he slept late in the morning because he went to work late in the evening; that he kept the door to this bedroom locked while therein, and that she used the outer entrance to the bathroom regularly in the morning because the door was locked and she did not want to disturb her son. It is a reasonable inference that she did not have free access to this bedroom when her son occupied it. Under this evidence, we think it was a question of fact whether plaintiff voluntarily pursued the dangerous course. The trial court found that she did not, and we agree with that finding.
The judgment should be affirmed. It is so ordered.
All concur.